306 So.2d 506 (1975)
Joseph KING, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. 45743.
Supreme Court of Florida.
January 8, 1975.
*507 Joseph King, in pro. per.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for respondent.
ADKINS, Chief Justice:
This cause is before us on a writ of habeas corpus and return thereto, pursuant to Florida Constitution, Article V, § 3(b)(6).
On October 3, 1972, petitioner, then an inmate in the custody of the Florida Division of Corrections, was placed on parole until September 29, 1973, subject to the standard terms and conditions imposed by the Florida Parole and Probation Commission.
On June 21, 1973, a warrant was issued by authority of the Commission for the re-taking of petitioner for a violation of one of the conditions, to-wit: changing residence without first procuring the consent of the Commission.
On March 26, 1974, some nine months later and subsequent to the date petitioner was to have been released from parole, petitioner was arrested for violation of parole and placed in custody. On April 24, 1974, petitioner was notified that a hearing would be conducted on April 26, 1974, at the Florida State Prison in Raiford, where he was in custody, to determine whether the conditions of petitioner's parole had been violated and what action should be taken by the Commission. The charge read:
"... That on or about May 21, 1973, you did leave your residence at 259 San Marco Avenue, St. Augustine, St. Johns, Florida, absconded from supervision, and your whereabouts was unknown to the Commission until March 26, 1974, when the Commission was advised that you were in the custody of the Sheriff's Department, St. Johns County, Florida."
In the meantime, on April 5, 1974, petitioner executed the following document:
"I admit that I have violated one or more of the conditions of my release *508 and, therefore realize that I am not entitled to a preliminary hearing."
Petitioner says that he did execute the above noted waiver because he was charged with changing his residence from San Marco Avenue, his business address, instead of Spencer Street, his residence address. He got permission from his parole supervisor to change his residence from Spencer Street. Petitioner states that he never did reside at 259 San Marco Avenue.
Apparently once the Commission was informed that petitioner was located at 10 Spencer Street, the charge was amended to reflect that address and 259 San Marco Avenue was crossed out. Thus says petitioner, his waiver was as to the original charge and not to the amended charge of leaving 10 Spencer Street, which charge petitioner claims he did not see until his parole was revoked on May 7, 1974, over a month after the execution of the above-mentioned waiver.
In response the Commission in essence states that petitioner is legally detained and imprisoned pursuant to a judgment and sentence entered on a plea of guilty to a charge of breaking and entering with intent to commit petit larceny and a subsequent parole and revocation thereof on May 7, 1974. The revocation order adds nothing, merely restating the charge that petitioner left 10 Spencer Street, St. Johns County, without permission.
We are faced with a disturbing situation. Petitioner makes several points which, if true, adequately support his contention that he is being unlawfully detained. The petition states that petitioner had permission from his parole supervisor to move to 10 Spencer Street, and that he in fact was at all times present in St. Johns County; that he mailed his monthly reports to the parole supervisor with the Spencer Street address as the return address and that the Commission knew where he was; that he conferred on the telephone with the local parole office but was never notified of the alleged violation in the June 21, 1973, warrant until he was arrested pursuant thereto on March 26, 1974, after talking to his parole supervisor about obtaining a driver's license. Petitioner claims to have witnesses and documented proof to support his several contentions.
None of these contentions are answered or rebutted by the Commission. No written findings by the fact-finder as to both the evidence relied on and the reasons for revoking the parole were made except the simple restatement of the charge. At the very least such findings should have been made to satisfy the requirements of due process as it relates to a parole revocation hearing. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
Revocation of parole is a serious matter, depriving a person of his freedom. The end result is the same as if the parolee had been convicted of a crime, but revocation can occur for less serious conduct than that warranting conviction of a crime. Changing residence without permission is certainly not a criminal offense, but when the violator is on parole such action may, and in this case did, result in the deprivation of the parolee's freedom. It is for this reason that due process standards must be as closely adhered to as in the trial upon the original criminal offense. Arbitrary revocation of parole and detention of the prisoner do not pass constitutional muster.
We do not flatly accept petitioner's contentions, however. It would be patently naive of us to do so. We must assume that the Parole and Probation Commission, as an integral part of our system of criminal justice, is as concerned with the rehabilitation of those of our citizens who have gone astray as it is with the protection of the other members of our society. But it is neither the function nor the prerogative of the judiciary to accept at face value the contentions of one side or another in a legal dispute. We, as judges, must start with the premise that the rights of the individual *509 in our society are jealously safeguarded by the United States and Florida Constitutions. Before those rights are compromised there must be a good reason for so doing. In the case sub judice there may have been good reasons, but they have not been presented to us.
The questions raised before us regarding petitioner's waiver of preliminary hearing, his permission to change residences, and the time that elapsed between the filing of the charge against him and his arrest should be answered or clarified before we act further. For these reasons we treat the petitioner's petition for writ of habeas corpus as a motion to vacate under Rule 3.850, Florida Rules of Criminal Procedure, and order that the cause be remanded to the Circuit Court for the Seventh Circuit to make findings of fact and conclusions of law with respect thereto.
It is so ordered.
ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.