NATHAN, Judge.
This is an appeal by the defendant, Jordan v. Sukert, from an order of the trial court finding and adjudicating him guilty of probation violations, revoking probation and sentencing Sukert to one year in the Dade County Jail, providing that he serve one month in jail to be followed by eleven months probation.
In August of 1973, Sukert entered a plea of guilty to wrongful sale of securities. Adjudication and sentence were withheld and he was placed on probation for a period of three years. Subsequently, an affidavit was filed in the trial court alleging that between September 1974, and March 3, 1975, Sukert violated probation in that (а) he changed his place of residence without first obtaining permission from the pro bation authority, and (b) he failed to file monthly reports for the months of September, October, November and December, 1974, and January and February, 1975.
The defense took the deposition of Sukert’s probation officer, pursuant to a subpoena duces tecum requiring her to bring her file and all books, records and correspondence concerning Jordan Sukert. During the deposition, the probation officer refused to answer questions based on the records, refused to permit defense counsel to view the records requested and refused to produce the records for any purpose, claiming privilege under § 947.14 (б), Fla.Stat. The questions and the refusal to produce were certified.
On April 24, 1975, the court heard the defendant’s motion to compel production of records and answers to certified questions. The deponent was ordered to answer two of the three certified questions, but the court refused to compel production of the records. Later the same day, during the probation hearing, the State introduced as State’s Exhibit 4 (over defense counsel’s objection) part of the records which had been requested. At the conclusion of the hearing, the court found Sukert guilty of violations (a) and (b), recited above, adjudicated him guilty and sentenced him to one year in the county jail with eleven months withheld.
On appeal, Sukert contends that he was denied procedural due process, and thus a fair and impartial probation hearing, as a result of the State’s placing into evidence certain records as proof of probation violation which were claimed to be privileged by the probation officer during discovery proceedings. We agree.
Probation revocation proceedings must meet the minimal criterion of due process. Mato v. State, Fla.App. 1973, 278 So.2d 672. In King v. Florida Parole and Probation Commission, Fla.1975, 306 So.2d 506, involving revocation of parole, it is stated that although changing residence without permission is not a criminal offense, when the violator is on parole (or probation as in the instant case), such action may result in the deprivation of freedom. Neither in the record nor in § 947.14(6), Fla.Stat., the statute relied on by Sukert’s probation officer in asserting the privilege as to information contained in the file, do we find the reasons for failing to permit Sukert to obtain discovery of the materials on which the revocation of his probation was based. It is provided in § 947.14(6), Fla.Stat., that
“The commission may make such rules as to the privacy or privilege of such information and its use by others than the commission or its staff as may be deemed expedient in the performance of its duties.” ' •
However, the record demonstrates a lack of evidence as to what the commission’s rules or policies are regarding use of its information by others. In our opinion, then, under the facts, revocation of probation was arbitrary and unreasonable.
*441 Accordingly, the order revoking probation is reversed, and the judgment and sentence is set aside with directions to return Sukert to probation under the terms and conditions originally established. The action of this court is without prejudice to a further affidavit and further proceedings on the violations for which the hearing was held. Mato v. State, supra.
Reversed with directions.