367 So.2d 718 (1979)
Don Evans CIOETA, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-992.
District Court of Appeal of Florida, Third District.
February 20, 1979.
*719 Stanley M. Goldstein, Miami, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., PEARSON, J. and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant, Don Evans Cioeta, was charged with possession and sale of marijuana and pled guilty to the sale. He was sentenced to eighteen months probation. Thereafter, an affidavit of violation of probation was filed and a hearing was held before the trial court. The court found that the appellant had violated his probation by the possession of a short-barrel shotgun. He was thereupon adjudged guilty on his guilty plea and sentenced to two years in prison. This appeal is from the revocation of probation.
Each of appellant's points urges that the trial court violated his right to due process in the conduct of the hearing. As has often been pointed out, the purpose of a violation of probation hearing is to satisfy the conscience of the trial court concerning whether the allowed probation has been violated. See Bernhardt v. State, 288 So.2d 490 (Fla. 1974); and Holmes v. State, 311 So.2d 780 (Fla. 3d DCA 1975). Such a hearing must accord to the petitioner some due process rights, but these rights are not the same as those accorded to a defendant upon trial. See State v. Heath, 343 So.2d 13 (Fla. 1977); and Croteau v. State, 334 So.2d 577 (Fla. 1976).
On this appeal, the appellant claims that the court erred in refusing to enforce his right to pretrial discovery and by taking into consideration an inculpatory statement he had made. If a probationer needs additional information in order properly to prepare a defense to the charges, the various methods of discovery under the rules are available to him. Hines v. State, 358 So.2d 183, 185 (Fla. 1978). Therefore, the appellant's point directed to the claimed denial of discovery requires an examination of the record to see whether he was given a full opportunity to explain away the accusations against him. See Holmes v. State, 311 So.2d 780 (Fla. 3d DCA 1975). Our review of the record convinces us that the appellant was given every opportunity to present any evidence that he might have to show his innocence of the charged violation.
Appellant's point directed to the consideration of the inculpatory statement to police officers at the time of his arrest for the second crime is also without merit. See State v. Allen, 335 So.2d 823 (Fla. 1976).
We have considered the other contentions advanced by the appellant and find that they do not present reversible error.
Affirmed.