394 So.2d 500 (1981)
Ronald Anthony CUCIAK, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1466.
District Court of Appeal of Florida, Fourth District.
February 18, 1981.
*501 Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Ronald Anthony Cuciak, defendant in the trial court, appeals an order revoking his probation and imposing a judgment and sentence. At issue is whether a defendant in a probation revocation proceeding has the right to discovery pursuant to Florida Rule of Criminal Procedure 3.220. A secondary issue is whether a violation of discovery rules in a probation revocation proceeding requires a Richardson[1] hearing. We answer in the affirmative as to the right to discovery. As to the necessity for an inquiry regarding prejudice, we conclude that Richardson and the cases following it are applicable in a limited sense. We also certify these matters as involving questions of great public importance.
As a result of a burglary charge, defendant was placed on probation for a period of three years. During the probationary term, he was charged with violating his probation (1) by failing to stop and remain at the scene of an accident involving death or personal injuries, in violation of Section 316.027, Florida Statutes (1979), and by failing to leave his name and address as required by Section 316.062, Florida Statutes (1979); (2) by driving while impaired, in violation of Section 316.193, Florida Statutes (1979); and (3) by driving a motor vehicle while his license was suspended, in violation of Section 322.34, Florida Statutes (1979).
Shortly after the affidavit of violation was filed, defense counsel filed a written demand for discovery to which the State made no response. The probation revocation hearing commenced some two months thereafter. At the outset, defense counsel objected and informed the court of the unanswered discovery demand. The same objection was registered as each witness began to testify. The court denied all objections.
In Hines v. State, 358 So.2d 183, 185 (Fla. 1978), the Supreme Court stated:
If a probationer needs additional information in order to properly prepare a defense to the charges, the various methods of discovery under our rules are available to him.
Although this language was dictum, we cannot disregard it or the various cases dealing with discovery in violation of probation matters. See Suarez v. State, 377 So.2d 769 (Fla.3d DCA 1979); Cioeta v. State, 367 So.2d 718 (Fla.3d DCA 1979); and Sukert v. State, 325 So.2d 439 (Fla.3d DCA 1976). With great reluctance, we conclude the language from Hines requires we rule that a defendant is entitled to discovery in violation of probation proceedings. Were we considering this without the Hines decision, we would hold otherwise and would be influenced by the following arguments against discovery which are listed here in catalogue fashion.
(1) Present Factual Status. Discovery is not presently conducted on any substantial basis in violation of probation matters. This case is such an example. We note that discovery would, of course, be available in any situation where the probation violation is also a substantive offense upon which the State Attorney has filed an information. Further, informal discovery by consent may occur in probation matters or the trial court may order certain limited discovery upon specific motion by defendant.
*502 (2) Hines' Progeny. The cases citing the Hines decision on this issue are not definitive. In Suarez v. State, supra, and Cioeta v. State, supra, the court relied upon Hines but did not actually discuss the issue of whether discovery was a right. Instead, the court considered the matter solely as a question of whether the defendant had demonstrated prejudice. In Cioeta, supra, 719, the court concluded that a discovery violation by the State required an examination of the record "to see whether he [defendant] was given a full opportunity to explain away the accusation against him." Although Hines has been in existence since April, 1978, it apparently has not substantially changed the procedures followed prior to its issuance.
(3) Rules of Criminal Procedure. Generally, with specific limited exceptions, the rules of criminal procedure are not applicable to violation of probation matters. See Rule 3.790 which governs probation. This rule is within Subsection XIV, which is entitled "Sentence." All of the procedures for a revocation and sentence are contained within a single paragraph which does not mention discovery.
(4) Subsection VI, Rule 3.220  Discovery. The rules of criminal procedure contain a subsection on discovery, Rule 3.220. A reading of this rule leads us to the conclusion that it contemplates a trial context. It is based on the American Bar Association Standards for criminal justice relating to discovery and procedure before trial which do not provide for discovery in a probation revocation proceeding. Indeed, the ABA Standards on Probation themselves make no mention whatsoever of discovery. Thus the source documents used by the Committee in preparing Rule 3.220 inferentially indicate that discovery in probation matters was not contemplated. Furthermore, the entire rule is written in terms of the "indictment or information" and the "offense charged" therein. The prosecuting attorney is directly involved, while in probation matters the probation officer is generally the person submitting the affidavit upon which the trial court issues a warrant. Section VI, containing Rule 3.220, is the only section of the rules of criminal procedure pertaining to discovery.[2]
(5) Distinctions: Trial versus Probation Revocation. There are major distinctions between a criminal trial and a violation of probation proceeding. Indeed, there are very few similarities. Probation revocation is an informal hearing with no right to a jury trial. The charging affidavit need not meet the same strict requirements as an indictment or information. The informal nature of the proceedings permits deviation from the strict rules of evidence; consequently, the admission of hearsay is not error. Moreover, the burden of proof is entirely different. It is only necessary to satisfy the conscience of the court. The speedy trial rule does not apply and probation revocation occurs on a totally different time schedule from that of a criminal trial. Revocation may be based on non-criminal acts and the defendant may be required to take the stand and testify to the non-criminal conduct. Neither double jeopardy concepts nor the exclusionary rule applies, so evidence seized in violation of defendant's constitutional rights may be admitted against him. There is no right to pre-hearing bail and a defendant may be required to remain incarcerated pending a hearing.
See generally, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Bernhardt v. State, 288 So.2d 490 (Fla. 1974); Roberts v. State, 154 So.2d 695 (Fla. 1963); Brill v. State, 159 Fla. 682, 32 So.2d 607 (Fla. 1947); People v. DeWitt, 78 Ill.2d 82, 34 Ill.Dec. 319, 397 N.E.2d 1385 (Ill. 1979); Sections 947.23, 948.06, and 949.11, Florida Statutes (1979); and Florida Rule of Criminal Procedure 3.220.
The discovery envisioned by Rule 3.220 is time consuming. Upon written demand by *503 the defense, the State must disclose the names of its witnesses and statements within fifteen days; defense counsel must make a reciprocal disclosure to the prosecutor within an additional fifteen days. The filing of a motion for protective order automatically stays these time periods. The taking and typing of depositions and even minimal discovery under Rule 3.220 could require at least forty-five days during which defendant could be incarcerated awaiting discovery and a hearing.
(6) Richardson Inquiry  Per Se Reversal. If discovery rules apply to violation of probation proceedings, then arguably the requirements of Kilpatrick v. State, 376 So.2d 386 (Fla. 1979), Cumbie v. State, 345 So.2d 1061 (Fla. 1977), and Richardson v. State, supra, also apply, requiring almost automatic reversal when the necessary Richardson inquiry is not made. This would have the effect of transforming an informal proceeding into a greatly more formal and structured matter.
(7) Other Courts. There is a dramatic absence of authority on the subject of discovery in violation of probation matters. We have located only one case on the subject, which, surprisingly, is directly on point. People v. DeWitt, supra, an opinion by the Supreme Court of the State of Illinois, addresses and answers in the negative the precise question of whether a defendant is entitled to discovery in violation of probation matters. The Illinois Supreme Court reasoned that due process does not guarantee pre-trial discovery to a criminal defendant even before trial, much less before a probation revocation hearing. The Illinois court also analyzed the defendant's assertion of entitlement to discovery pursuant to court rules of procedure existing in that State and concluded there was no such right. The Court stated as follows 397 N.E.2d at page 1386:
Defendant further contends that the language of Supreme Court Rule 411 (58 Ill.2d R. 411) grants a probationer the discovery provided in Supreme Court Rule 412 (65 Ill.2d R. 412). Rule 411 provides that the discovery rules "[s]hall be applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary. They shall become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing." Although a determination that a probationer has violated the conditions of his probation may result in a sentence to the penitentiary, that sentence is imposed for the original offense of which he had been convicted rather than for the conduct constituting violation. If the acts which violated the probation also constitute a criminal offense, the State may, of course, prosecute the probationer for that offense (People v. Howell (1977), 46 Ill. App.3d 300, 302, 4 Ill.Dec. 837, 360 N.E.2d 1212; People v. Kondo (1977), 51 Ill. App.3d 874, 876, 9 Ill.Dec. 479, 366 N.E.2d 990), and, if it does, he would then be entitled to the discovery provided by Supreme Court Rule 412 (65 Ill.2d R. 412). While our discovery rules do not specifically exclude probation- or parole-revocation hearings, it is quite clear that they were designed for use in connection with criminal trials. Those rules apply to the probationer's trial on the underlying offense, but a petition to revoke probation is not a criminal indictment or information and a judgment revoking probation is not a felony conviction. (People v. Howell (1977), 46 Ill. App.3d 300, 302, 4 Ill.Dec. 837, 360 N.E.2d 1212; People v. Kondo (1977), 51 Ill. App.3d 874, 876, 9 Ill.Dec. 479, 366 N.E.2d 990.) In fact, the revocation of probation may occur for conduct which does not even involve the commission of any crime. We accordingly hold that Rule 411 does not entitle a probationer to discovery at a probation-revocation hearing.
People v. DeWitt, supra, and Hines v. State, supra, are simply irreconcilable to the extent that the dicta in Hines establishes the right to discovery.
In view of Hines v. State, supra, we conclude that a right to discovery exists in violation of probation proceedings; therefore, the court erred in the proceedings *504 below. We now address the question of whether the error was prejudical and whether a Richardson inquiry was necessary.
Although defendant objected to the State's failure to give discovery, the court simply overruled the objection without argument and made no inquiry whatsoever. Clearly, if applicable, Richardson and its progeny were violated. We hold that if a discovery violation by the State occurs in a probation proceeding, the defendant has the burden of bringing the violation to the court's attention in a timely manner. The trial court should then make an inquiry in the nature of that required by Richardson and, if necessary, take steps to require appropriate discovery by the State. However, a discovery violation will not require reversal of a probation revocation unless it appears from a consideration of the entire case that the defendant was prejudiced. We refuse to apply the Richardson rationale to probation violation proceedings insofar as these cases require per se reversal.[3] In view of the informal nature of a probation revocation hearing, the lack of double jeopardy and speedy trial considerations, and the ease of continuing such proceedings to allow for discovery, there seems no reason to extend the per se reversal rule of Richardson and its progeny to probation revocation. Instead, we will review each case to see whether defendant has in fact been prejudiced and defendant will have the burden of showing prejudicial error on appeal.
We conclude that these matters are of great public importance, and, therefore, certify the following questions to the Supreme Court.
I.
IS A DEFENDANT IN A VIOLATION OF PROBATION PROCEEDING ENTITLED TO FULL DISCOVERY UNDER THE FLORIDA RULES OF CRIMINAL PROCEDURE?
II.
IF DISCOVERY IS AVAILABLE IN A VIOLATION OF PROBATION PROCEEDING, IS A RICHARDSON INQUIRY REQUIRED AS TO NON-COMPLIANCE?
The revocation of probation below is affirmed in part. We conclude after a review of all the evidence that the defendant has not demonstrated prejudice. The witnesses were the victim of the accident, two police officers, and the defendant's probation officer. The affidavit charging the violation was quite detailed and named the victim and the probation officer. The police officers' names were present on the accident report. Here, defense counsel simply filed a general demand for discovery and took no other steps to secure discovery or compliance. Even at the hearing there was no request for the information. We conclude that the appellant has failed to show prejudicial error and thus affirm in part.
Appellant also raised an issue as to the finding of guilt on Count III  driving with a suspended license  which we find meritorious. This violation was established solely by hearsay and is thus reversed. Reeves v. State, 366 So.2d 1229 (Fla.2nd DCA 1979), and Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977). We thus reverse the Count III finding but affirm the conviction and sentence as based on the two other substantial violations.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, J., concurs.
HURLEY, J., concurs specially with opinion.
HURLEY, Judge, specially concurring.
I concur in the court's judgment that discovery is available in probation revocation *505 hearings, that a Richardson[4] inquiry should be held to evaluate discovery violations, and that the failure to do so is not per se reversible error. Nonetheless, I disagree with the court's expressed skepticism as to the wisdom of Hines v. State, 358 So.2d 183 (Fla. 1978). Aside from the fact that Hines is the law of the state and entitled to more than begrudging acceptance, it represents, in my view, an enlightened and logical advance in Florida's jurisprudence.
Long ago we recognized the underlying principle of all discovery  that trial by ambush is so unfair as to be violative of due process. Consequently, our Supreme Court promulgated rules of criminal procedure which permit the broadest type of discovery.[5] With this background, it is hardly surprising that the Court saw fit to extend the protections of discovery to the probation revocation process.
Nearly three years have passed since Hines was handed down, and it is fair to say that the courts have not experienced a deluge of Hines-related appeals. Discovery in probation hearings simply is not a burning issue. And the reason for this lack of interest is readily understandable. Experience shows that most acts which violate probation also violate statutory law. It is not unusual for a perpetrator to be subject to probation revocation as well as criminal prosecution. In these circumstances, Hines is unnecessary for the probationer/defendant has recourse to the regular channels of discovery. Therefore, while I hesitate to suggest that the majority's fears are totally unfounded, I do believe they are vastly exaggerated.
Part of the court's concern today stems from the fact that Illinois and Florida are at odds on this issue. While a difference in policy merits consideration, it should not force us to abandon a progressive rule. Diversity has its own benefits as Justice Brandeis noted in his dissent in New State Ice Co. v. Liebmann, 285 U.S. 262, 311, 52 S.Ct. 371, 386-87, 76 L.Ed. 747 (1932).
It is one of the happy incidents of the federal system that a single courageous state may, if its citizens choose, serve as a laboratory; and try novel social and economic experiments without risk to the rest of the country.
Brandeis, of course, was addressing the problems of an earlier era, but surely the recent reforms in the criminal justice system have taught us that there is a value in seeking new and better ways to promote the administration of justice. We are not, nor should we be, molded to the past.
The majority draws further support for its position by listing the differences between a criminal trial and a probation revocation proceeding. The latter, we are told, is more informal with a lesser burden of proof required for conviction. Ante, at 502. This is true, but I fail to see how such distinctions militate against expanded discovery; if anything, they underscore its necessity. Admissible hearsay and a lesser standard for conviction are far more palatable and just when there is pre-hearing discovery.
A more difficult question is whether the failure to conduct a Richardson inquiry should require automatic reversal. This is the present rule in the trial process[6] and there is ample justification to apply the same rule to the probation revocation process. Discovery, after all, is a basic right. It is an aspect of notice, an element of due process which by virtue of Bernhardt v. State, 288 So.2d 490 (Fla. 1974) and Hines v. State, supra, is applicable to probation revocation proceedings. Though a trial court has broad discretionary power to revoke probation, Bronson v. State, 148 Fla. 188, 3 So.2d 873 (Fla. 1941), this discretion must be exercised in accordance with due process requirements. Richardson merely assures compliance with this principle by requiring an inquiry into the cause of a discovery violation, together with an assessment of its importance and its impact. It has the added benefit of encouraging remedial action, *506 for example, allowing counsel to talk with or depose a witness during a court recess, which often cures the defect and avoids further litigation. Equally important, Richardson assures meaningful appellate review. It is "essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record." 246 So.2d at 775.
Viewed in this context, Richardson is not a meaningless procedural straightjacket. Rather, it is a valuable prerequisite to the informed exercise of a trial court's discretion. Its benefits are the same, irrespective of the nature of the proceeding. Thus, I fully concur in the holding that a Richardson inquiry should be held to evaluate discovery violations in the probation revocation process.
The question remains, however, whether the trial court's failure to conduct a Richardson hearing should require automatic reversal. I am not at all persuaded by the court's reasoning that a per se reversal rule "would have the effect of transforming an informal proceeding into a greatly more formal and structured matter." Ante, at 503. In my view, it is our holding that a Richardson inquiry must be held which adds to the formality and structure of the proceeding; an automatic reversal rule has little or no impact on formality. Nonetheless, I join with the court in holding that the failure to conduct a Richardson hearing should not result in an automatic reversal. I do so because I believe there is an obvious value in avoiding such per se rules whenever possible. Every day the appellate courts are called upon to assess error; I see no reason to except discovery violations from the court's scrutiny. Though a Richardson hearing is helpful to appellate review, it is not indispensable. One can envision instances where the admitted testimony is of no benefit whatsoever. To mandate reversal in these situations merely because the trial court failed to conduct a hearing, would not comport with concepts of judicial economy or the sound administration of justice. Therefore, I believe we should permit appellate courts to determine on a case-by-case basis whether the failure to conduct a Richardson hearing was harmless error. To this end, we should employ a standard which holds that the failure to conduct a Richardson hearing will be deemed reversible error unless an appellate court can declare a belief to the satisfaction of its conscience that the error was harmless. Cf. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 711 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Clark v. State, 363 So.2d 331 (Fla. 1978). The flexibility of this standard should ensure a just result without undermining today's holding.
Finally, I cannot agree with the majority's formulation that despite the trial court's failure to conduct a Richardson inquiry, "defendant will have the burden of showing prejudicial error on appeal." Ante, at 504. As I have indicated, the burden should rest squarely on the shoulders of the state to prove that the error of failing to conduct a Richardson hearing was harmless to the satisfaction of the conscience of the court.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] Despite this fact, the Florida Supreme Court has authorized other forms of discovery. See Eutsey v. State, 383 So.2d 219 (Fla. 1980), dealing with disclosure of information during sentencing proceedings.
[3] Under Richardson and Cumbie, supra, a discovery violation requires an appellate court to reverse a conviction unless the trial court inquires into all the circumstances surrounding the breach and a finding is made that no prejudice to defendant resulted from the violation. In this inquiry the State has the burden of showing an absence of prejudice. Where no such inquiry is undertaken reversal is required as a matter of law and defendant need not demonstrate prejudice on appeal.
[4] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[5] See Rule 3.220, Fla.R.Crim.P.
[6] Kilpatrick v. State, 376 So.2d 386 (Fla. 1979); Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Johnson v. State, 312 So.2d 231 (Fla.2d DCA 1975).