PER CURIAM.
The final judgment of conviction and sentence entered upon a revocation of probation which is under review by this appeal is reversed and the cause remanded to the trial court with directions to restore the defendant Raymond S. Kane to probation in this cause. This reversal, however, shall be without prejudice to the state to refile a new affidavit charging a violation of the defendant’s probation with sufficient particularity to give the defendant proper due process notice of the charges against him. Our review of the record reveals sufficient confusion as to what acts the defendant Kane was charged with committing *1170 which constituted the alleged probation violation in this case; proper due process notice of the alleged probation violation was not, therefore, accorded to the defendant in this cause. See e. g., Gagnon v. Searpeili, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Hines v. State, 358 So.2d 183 (Fla.1978).
The defendant Kane was charged in an affidavit of probation violation with violating his probation by committing a crime[1] in that: (1) on or about April 9, 1980, he sold cocaine at a specified place to a named police informant; and (2) on or about April 10, 1980, he negotiated the price of cocaine at a specified place with an undercover police officer. Subsequently, the state dismissed the above affidavit and filed an amended affidavit of probation violation. The amended affidavit omitted the first charge relating to the alleged April 9 cocaine sale and amended the second charge by stating that the defendant had violated his probation by committing a crime in that on or about April 10, 1980, the defendant attempted to sell cocaine to an undercover police officer.[2]
At that point, the defendant could have reasonably believed that the April 9, 1980, cocaine transaction charge had been dropped by the state and that he faced only the cocaine transaction charge of April 10, 1980. Apparently attempting to test this belief, the defendant filed a motion for a statement of particulars.[3] The state responded with a statement of particulars alleging that the date of the offense was April 9, 1980, seemingly in an effort to revive in whole or in part the dismissed April 9 cocaine charge. Unfortunately, this served only to jumble the two charges together in hopeless confusion as defense counsel repeatedly pointed out below. Moreover, the testimony at the probation violation hearing further emphasized this confusion by revealing that two separate narcotics transactions involving the defendant took place on April 9 and April 10. The transaction on April 9, 1980, was with a named police informant; the transaction of April 10, 1980, was with an undercover police officer and the above police informant.
Based on the above circumstances, we agree that it was totally impossible for the defendant to determine which narcotics transaction the state was charging the defendant with engaging in as a basis for violating his probation. Proper due process notice of the probation violation was not, therefore, given to the defendant, and this cause must be reversed under the law for further proceedings.
Reversed and remanded.

. Both in the original and amended affidavit of probation violation the state alleged that the defendant Kane violated the following condition of his probation: “(4) You will live at liberty without violating any law.” This condition was contained in the order granting probation and fixing terms thereof previously entered by the court in this cause.

. Notably, the amended affidavit did not charge the defendant with a continuous transaction taking place on April 9-10, 1980, but elected instead to allege that the offense took place on or about April 10, 1980.

. We can find no authority supporting such a motion in a probation revocation proceeding. On the contrary, the informal nature of a probation revocation proceeding militates against the use of such formal procedural pleading. See Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977). If an affidavit for probation violation fails to allege the basic facts concerning the alleged violation — such as its nature, time and place of occurrence — the affidavit is subject to dismissal for failure to accord due process notice of the probation violation to the defendant. Hines v. State, 358 So.2d 183 (Fla.1978). Formal pleading practice, however, is not appropriate in these informal proceedings. Compare Cuciak v. State, 394 So.2d 500 (Fla. 4th DCA 1981).