410 So.2d 916 (1982)
Ronald Anthony CUCIAK, Petitioner,
v.
STATE of Florida, Respondent.
No. 60294.
Supreme Court of Florida.
January 21, 1982.
Rehearing Denied March 24, 1982.
*917 Richard L. Jorandby, Public Defender and Jon May, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
The Fourth District Court of Appeal has certified the following questions to be of great public importance:
I. IS A DEFENDANT IN A VIOLATION OF PROBATION PROCEEDING ENTITLED TO FULL DISCOVERY UNDER THE FLORIDA RULES OF CRIMINAL PROCEDURE?
II. IF DISCOVERY IS AVAILABLE IN A VIOLATION OF PROBATION PROCEEDING, IS A RICHARDSON INQUIRY REQUIRED AS TO NONCOMPLIANCE?
Cuciak v. State, 394 So.2d 500, 504 (Fla. 4th DCA 1981).
We hold that a defendant in a probation revocation proceeding is entitled to reasonable discovery pursuant to Florida Rule of Criminal Procedure 3.220. We further hold that an inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971), should be made by the trial court when a violation of the discovery rules occurs, but the failure to make such an inquiry does not require reversal when an appellate court finds to its satisfaction that the error was harmless.
Ronald Cuciak pled guilty to burglary in February 1979 and received three years probation with adjudication of guilt withheld. The following April he was involved in a hit-and-run accident, and the state filed an affidavit for violation of probation. Shortly after the filing of the affidavit, Cuciak's defense counsel filed a written demand for discovery pursuant to Florida Rule of Criminal Procedure 3.220(a) to which the state never responded.
At the June 1979 probation revocation hearing, defense counsel objected and informed the court of the unanswered discovery demand. Cuciak's attorney continued to object as each of the state's four witnesses testified. The court denied all objections, noting that the affidavit named two witnesses and the remaining two were police officers whose names appeared on the accident report. No inquiry was made as to why the state failed to respond to the discovery demand or the resulting possible prejudice to the defendant. The court revoked Cuciak's probation and sentenced him to state prison.
The Fourth District Court of Appeal affirmed the revocation of probation because Cuciak failed to demonstrate that the lack of discovery was prejudicial to him. The court held that a defendant in a probation revocation proceeding is entitled to discovery but that the failure to hold a Richardson hearing does not require per se reversal. The court also stated that an appellant has the burden of proving prejudice on appeal.
A basic philosophy underlying discovery is the prevention of surprise and the implementation of an improved fact finding process. As Judge Hurley noted in his concurrence, "[l]ong ago we recognized ... that trial by ambush is so unfair as to be violative of due process." 394 So.2d at 505. Broad discovery rights are given by the Florida Rules of Criminal Procedure, which were designed in large part to effectuate this policy of fairness.
In Hines v. State, 358 So.2d 183, 185 (Fla. 1978), this Court stated: "If a probationer needs additional information in order to properly prepare a defense to the charges, the various methods of discovery under our rules are available to him." This decision has been followed in Coby v. State, 397 So.2d 974 (Fla. 3d DCA 1981); Suarez v. State, 377 So.2d 769 (Fla. 3d DCA 1979); *918 and Cioeta v. State, 367 So.2d 718 (Fla. 3d DCA 1979). Fair play and justice require that a defendant in a probation revocation hearing be entitled to reasonable discovery pursuant to rule 3.220.
The framers of rule 3.220 utilized the American Bar Association's Standards for Criminal Justice relating to discovery and procedure before trial. Discovery requirements are set forth in this standard while the recommendations for revocation of probation proceedings are contained in the standard designated Sentencing Alternatives and Procedures. That standard makes no mention of the use of discovery in preparing for a probation revocation hearing. This appears to be because the standard recommends that a final revocation hearing be held after the disposition of any criminal charges that were the cause of the violation of probation. Pre-revocation hearing discovery would then be unnecessary. We are aware that rule 3.220 contemplates a trial context, but basic fairness requires an extension of discovery into the probation revocation setting.[*]
The district court notes that discovery is not widely used in violation of probation proceedings. 394 So.2d at 501. Most probation violations are also substantive offenses upon which criminal charges can be brought; in those instances the probationer is already entitled to discovery. The right to discovery in probation revocation proceedings will not significantly burden the trial courts because there are fewer instances where the violation of probation is not a substantive offense.
Additionally, we recognize the clear distinctions between a criminal trial and a violation of probation proceeding. A probation revocation hearing is more informal, the charging affidavit need not comply with the requirements indictments and informations must meet, the strict rules of evidence can be deviated from, and the admission of hearsay is not error. Furthermore, there is a lesser burden of proof because only the conscience of the court must be satisfied. This informality highlights the desirability of pre-hearing discovery; the probationer needs the greater accuracy and reliability which discovery affords.
The trial court has the inherent power to decide what is reasonable discovery in a probation revocation proceeding. The state may apply to the judge for a modification of the probationer's demand for discovery if it becomes too burdensome. At the very least a probationer is entitled to the name and identification of his accusers and other basic information that is reasonably necessary to the preparation of his defense.
The second question certified by the district court is whether a violation of discovery in a probation revocation proceeding requires a Richardson hearing. In Richardson we held that a violation of the rules of criminal procedure by the state requires reversal of a conviction unless the trial court conducts an inquiry into all the circumstances surrounding the breach, with the state having the burden of showing the trial court that the defendant was not prejudiced.
We hold that a trial court is required to make the necessary inquiry regarding possible prejudice to a probationer when the discovery rules are violated. The probationer has the burden of bringing the violation to the court's attention in a timely manner. We modify the holding of Richardson in revocation hearings by ruling that failure to conduct a Richardson hearing after notification does not require reversal when the appellate court finds to its satisfaction that the error is harmless. Contrary to the district court's ruling, however, we hold that the burden will remain on the state to prove to the appellate court that the failure to conduct a Richardson inquiry was nonprejudicial.
The trial court did not make an inquiry into the possible prejudice to the defendant *919 in the instant cause. The facts of this case, however, make it clear that there was no prejudice to Cuciak. We agree with the district court's conclusion that Cuciak had not been prejudiced and approve the result.
It is so ordered.
SUNDBERG, C.J., and BOYD and OVERTON, JJ., concur.
ALDERMAN, J., concurs in result only with an opinion, in which ADKINS, J., concurs.
ALDERMAN, Justice, concurring in result only.
I concur in the affirmance of the revocation of Cuciak's probation, but I disagree with the majority's determination that a defendant is entitled to discovery pursuant to Florida Rule of Criminal Procedure 3.220. As is clear from its language, the strict discovery requirements of this rule were not intended to apply to parole revocation proceedings but rather were intended to apply in the criminal trial context.
The Supreme Court of the United States in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), has held that a probationer in a probation revocation proceeding is not entitled to the full panoply of rights guaranteed a defendant in a criminal proceeding. He is entitled only to minimal due process rights. These minimal rights are written notice of the claimed violation of probation, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confrontation and cross-examination of adverse witnesses, a neutral and detached hearing body, and a written statement by the fact finders as to the evidence relied on and the reason for revoking probation. Gagnon v. Scarpelli, 411 U.S. at 786, 93 S.Ct. at 1761.
Although a probationer is entitled to disclosure of the evidence against him, this does not entitle him to utilize Rule 3.220 as a means of enforcing this minimal due process right. Rather, if the probationer can demonstrate that certain vital evidence used against him at the revocation proceeding was not disclosed, he may have a successful claim for violation of his procedural due process right. See Hines v. State, 358 So.2d 183, 185 n. 6 (Fla. 1978); Sukert v. State, 325 So.2d 439 (Fla. 3d DCA 1976).
The Supreme Court has recognized that there is no general constitutional right to discovery in a criminal case and that Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), did not create such a general right. In Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), the Supreme Court said:
It does not follow from the prohibition against concealing evidence favorable to the accused [Brady] that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably. There is no general constitutional right to discovery in a criminal case, and Brady did not create one; as the Court wrote recently, "the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded... ." Wardius v. Oregon, 412 U.S. 470, 474 [93 S.Ct. 2208, 2212, 37 L.Ed.2d 82] (1973). Brady is not implicated here where the only claim is that the State should have revealed that it would present the eyewitness testimony of a particular agent against the defendant at trial.
429 U.S. at 559-60, 97 S.Ct. at 845-46 (emphasis added). Likewise, under the Florida Constitution, there is no general constitutional right of discovery in criminal cases. Prior to the adoption of the discovery rule for criminal cases in Florida, the doctrine of discovery was "a complete and utter stranger to criminal proceedings." State v. Lampp, 155 So.2d 10, 12 (Fla. 2d DCA 1963), appeal dismissed, 166 So.2d 891 (Fla. 1964).
Our decision in Hines v. State does not compel the result reached by the majority. In Hines, we held that a probationer in a revocation proceeding was entitled to the minimal due process requirements delineated by the Supreme Court of the United States in Gagnon v. Scarpelli. We did not *920 say that he was guaranteed discovery pursuant to Rule 3.220 but rather referencing to Sukert v. State, we said that if he needs additional information to prepare a defense to the charges against him, various methods of discovery are available to him under the rules. These various methods include depositions or subpoenas but not strict and formal discovery pursuant to Rule 3.220. In Sukert, the defendant was not complaining that he was denied his discovery rights under Rule 3.220. Rather, Sukert contended that he was denied due process when the State failed to disclose the materials upon which the revocation of his probation was based. On this basis, the Third District held that the probation revocation was arbitrary and unreasonable.
In my view, discovery in the manner prescribed by Rule 3.220 should not be required in probation revocation proceedings. To hold otherwise is tantamount to turning the revocation hearing into a proceeding akin to a criminal trial contrary to the pronounced distinctions between these proceedings. See Bernhardt v. State, 288 So.2d 490 (Fla. 1974). As the majority recognizes, the trial court has the inherent power to decide what discovery should be allowed a defendant in a probation revocation proceeding.
I answer the first certified question in the negative and would hold that the defendant in a violation of probation proceeding is not entitled to full discovery under Rule 3.220. Answering the second certified question, if there is to be such an application of Rule 3.220 as the majority advances, I would not extend the per se reversal rule of Richardson v. State, 246 So.2d 771 (Fla. 1971), to probation revocation. Instead, consistent with the district court, I would hold that the appellate court should review each case where this issue has been properly raised to determine whether the defendant has in fact been prejudiced. I also would place the burden on the defendant to show prejudicial error.
Viewing his claim under the minimal due process requirements which must be accorded a probationer, I find no violation of due process and concur in the affirmance of the revocation of Cuciak's probation.
ADKINS, J., concurs.
NOTES
[*] The Florida Bar Committee on Criminal Justice may wish to investigate the distinctions between discovery in a criminal trial and discovery in a probation revocation hearing and suggest amendments to the rules of criminal procedure setting forth these distinctions.