ANSTEAD, Judge.
This is an appeal from an order finding that appellant had violated a condition of his probation specifically prohibiting him from having possession of a firearm. We affirm.
While on probation appellant was charged with first degree murder. Prior to his trial on that offense, and based on the same alleged unlawful conduct, he was also charged with having violated a condition of his probation prohibiting him from violating the law. Following his acquittal on the murder charge, the probation violation based on the same conduct was dismissed. However, based upon appellant’s admission to having possessed a firearm at the time of the alleged murder, a subsequent probation violation charge was brought. Appellant, conceding that he had possession of a firearm, nevertheless sought dismissal of the subsequent charge on the grounds that possession of a firearm was a lesser-included offense of the murder charge that formed the basis of the initial probation violation charge; and that the dismissal of the initial violation mandated dismissal of the second charge. The trial court rejected appellant’s contention and, after finding him in violation of the terms of his probation for having possession of a firearm, extended appellant’s probation for an additional two-year period.
In Cuciak v. State, 394 So.2d 500 (Fla. 4th DCA 1981), a case principally involving discovery issues, this court noted the many differences between criminal trials and probation revocation proceedings and observed that generally double jeopardy protections do not apply to revocation proceedings. Id. *465 at 503. We are unaware of a case which has held that double jeopardy concepts apply to revocation proceedings in the manner urged by appellant here. In any case, there has been no demonstration of a violation of the concept even if it did apply. Neither the offense charged nor the issues litigated in appellant’s murder trial and initial probation revocation proceeding were dispositive of the matter before the trial judge in determining the second probation violation.
Appellant was not charged with violating his probation by committing the criminal offense of possessing a firearm. Rather, he was charged with possessing a firearm in violation of a specific prohibition against such conduct contained in the conditions of his probation. His violation of that condition did not turn on a determination of whether he committed a criminal act. He could have been in lawful possession of a firearm and still violated that condition of his probation. Furthermore, the dismissal of the initial probation revocation proceeding, which was based on the murder charge, constituted at most a determination by the trial court that the appellant had not committed the offense of murder. That determination did not turn on whether appellant possessed a firearm. As noted, appellant has at all times conceded that he was in possession of a firearm at the time of the alleged murder.[1]
For the reasons set out above, we affirm the order extending appellant’s term of probation.
HERSEY and GLICKSTEIN, JJ., concur.

. Appellant claimed that he was acting in self defense at the time of the alleged murder.