PER CURIAM.
Appellant-defendant was on probation as to two separate felony offenses when he was charged with the armed robbery of a Tape Deck Music Center. He was also charged with violation of his probation on account of the commission of the Tape Deck robbery and on account of an alleged failure to pay costs of supervision and of allegedly being in possession of a knife as a weapon (apparently the weapon in the Tape Deck armed robbery).
After defendant was convicted of the Tape Deck robbery, his counsel made a demand for discovery in the probation violation cases. The prosecutor failed to timely respond. However, before the hearing on the violation of probation charges, the prosecutor listed as witnesses and evidence the name of the assistant state attorney who prosecuted the Tape Deck robbery, the name of appellant’s probation officer and certified copies of defendant’s Tape Deck robbery conviction. The trial court denied a defense motion that all of the state’s witnesses be excluded from testifying, as a sanction for the state’s untimely discovery response. The defendant's probation was revoked and, on this appeal, he contends that the trial court committed reversible error in exercising its discretion and denying the sanction sought for the state’s discovery violation without conducting a full and adequate hearing as to whether the discovery violation was inadvertent or willful, trivial or substantial, and whether it affected the defendant’s ability to prepare and defend, citing Richardson v. State, 246 So.2d 771 (Fla.1971).
Considering that the only issue on the probation violation charges was the identification of the defendant as the person on probation and as the person convicted of the Tape Deck robbery and that the obvious witnesses and evidence as to the identity issue were provided before the probation violation hearing and no actual prejudice was shown, we hold that, even without an evidentiary hearing, the trial court did not err in considering the state’s discovery violations in this probation violation case to be technical, trivial, insignificant and harmless. See Cuciak v. State, 410 So.2d 916 (Fla.1982).
The record suggests that the trial court relied only on the Tape Deck robbery conviction in finding a violation of probation. However, the two written orders revoking probation recite as grounds the failure to pay the cost of supervision charge and the knife possession charge as well as the Tape Deck robbery. Accordingly, our affirmance of the orders revoking probation in these two cases is without prejudice to the defendant to apply to the trial court to amend and correct its orders in these particulars.
AFFIRMED.
DAUKSCH, SHARP and COWART, JJ., concur.