## GARCIA v STATE OF FLORIDA and CARVER v STATE OF FLORIDA

Case Nos. 88-164-CA-25 and 88-165-CA-25

Nineteenth Judicial Circuit, Indian River County

July 29, 1988

### APPEARANCES OF COUNSEL

**Richard J. Saliba,** for appellant.

**Jeffrey T. Carver,** for appellant.

**Wayne McDonough,** for appellant.

**Michael Garcia. Joe Wild,** Assistant State Attorney, for appellee.

Before SMITH, VOCELLE, KANAREK, JJ.

### OPINION OF THE COURT

The Petitioners in these consolidated cases were each arrested on charges of DUI, booked into the Indian River County Jail, given a Uniform Traffic Citation, and released after posting a surety bond. Each defendant entered a plea of not guilty and filed a Demand for Discovery pursuant to Rule 3.220, FRCrP. The State responded to the Demand by letter advising the Defendants that because these cases

were being prosecuted under the Uniform Traffic Citation as opposed to an Information, discovery under Rule 3.220, FRCrP, would not be supplied. Each defendant then filed a Motion to Compel Discovery. These motions were heard before the Honorable James B. Balsiger, County Judge, who denied relief. A Petition for Common Law Certiorari was filed by Petitioners. Similar motions have been brought before the Honorable Judge Daniel M. Kilbride, County Judge, who granted such relief.

Rule 3.220, FRCrP, provides in part:

(a) Prosecutor's Obligation.

(1) After the filing of the indictment or information, within fifteen days after written demand, by the defendant, the prosecutor shall disclose to defense counsel . . . The State argues that since these cases are being prosecuted under a Uniform Traffic Citation, as authorized by Rule 6.165, Florida Rules of Traffic Court, all discovery must be pursuant to Rule 3.125, FRCrP. Rule 3.125, FRCrP, entitled "Notice to Appear" defines such a notice as:

(a) Definition. Notice to appear means, unless indicated otherwise, a written order issued by a law enforcement officer in lieu of physical arrest . . . . The Rule goes on to require that the notice be prepared in quadruplicate, three copies being signed by the defendant, and two of these three being sworn to by the arresting officer before a notary public or deputy clerk. This sworn notice to appear must then be filed with the Clerk along with a list of witnesses and their addresses and a list of tangible evidence in the case. Discovery is provided under subsection (k) of the Rule. There appears to be no right to discovery depositions under this Rule.

In both cases only a Uniform Traffic Citation was issued. The citation was not sworn, nor did the arresting officer file with the clerk a list of witnesses with addresses or a list of tangible evidence. Most important the defendant were not released on their promise to appear, but were required to post surety bonds in order to secure their release from custody. As a result, the Uniform Traffic Citations cannot be considered by the Court as a Notice to Appear under Rule 3.125, FRCrP.

The Petitioners contend that the Uniform Traffic Citation constitutes the Information and is the charging document as it is tantamount to an Information, Affidavit or Indictment. In addition they contend that to allow the State to prosecute some defendants under the Uniform Traffic Citation, thus denying them discovery, and others by Information, violates the Equal Protection Clause of the State and Federal Constitu-

32

tions. Rule 3.220 FRCrP, is not limited to cases where an Indictment or Information have been filed. In *Cuciak v State,* 420 So.2d 916 (Fla. 1982), the Florida Supreme Court held that a defendant in a probation revocation proceeding was entitled to reasonable discovery pursuant to Rule 3.220, FRCrP. In the probation revocation proceeding there was no Information or Indictment filed but rather an Affidavit of Violation of Probation and a Warrant. The Supreme Court held "we are aware that Rule 3.220 contemplated a trial complex, but basic fairness requires discovery into the probation revocation setting." The Legislature has recognized the DUI is a serious offense carrying with a mandatory penalties of loss of driver's licenses, fines and jail sentences for second and third offenders. A fourth DUI offense has recently been made a Third Degree Felony. Section 316.1934(4), Florida Statutes (1987) gives defendants the right to trial by jury for such offenses. Basic fairness requires reasonable discovery under Rule 3.220, FRCrP, in DUI cases, even though prosecution is by Uniform Traffic Citation as opposed to Information or Indictment.

The Writ of Certiorari is GRANTED and these cases are remanded to the trial court with directions that the State provide discovery pursuant to Rule 3.220, FRCrP.