SHAHOOD, Judge.
Appellant, Carolene Watson, seeks review of the trial court’s order revoking her probation and imposing a prison term. We affirm.
Appellant was found guilty of the sale of cocaine and placed on five years’ probation. Less than one month later, appellant was alleged to have violated her probation by using cocaine. At the violation hearing, and over appellant’s objection, appellant’s probation officer was allowed to testify about a conversation she had with appellant wherein appellant admitted smoking crack cocaine. Through the forensic toxicologist, the state also introduced the laboratory report showing that appellant’s urine contained a large amount of cocaine.
Appellant claims that since the state failed to provide her with either a copy of the statements or the report, the trial court should have conducted a Richardson[1] hearing to determine whether she was prejudiced. The state concedes that it would have been better procedure to conduct a Richardson hearing, but maintains that appellant has failed to demonstrate any prejudice. We agree.
*71 Richardson requires that when a discovery violation becomes apparent, the trial judge must conduct an inquiry into all the surrounding circumstances to determine whether the defendant has been prejudiced. Richardson, 246 So.2d at 775. The Supreme Court extended Richardson to probation revocation proceedings, Cuciak v. State, 410 So.2d 916 (Fla.1982), and subsequently modified its holding to the extent that failure to conduct a Richardson hearing is now subject to harmless error analysis. State v. Schopp, 653 So.2d 1016 (Fla.1995).
We find that since there was additional evidence of appellant’s cocaine use, including a positive urine test, the evidence about which she complains was merely cumulative. Thus, appellant was not prejudiced by the discovery violation, and the trial court did not err in revoking her probation.
AFFIRMED.
GLICKSTEIN and FARMER, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).