294 So.2d 367 (1974)
Samuel Louis FULLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1253.
District Court of Appeal of Florida, Third District.
May 14, 1974.
*368 Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, and Kurt Marmar, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
The appellant was found guilty by a jury of a charge of possession of a stolen motor vehicle. The trial court adjudicated him guilty and imposed a sentence of five years in the state penitentiary.
At the same time, the court determined that the jury verdict on the subsequent felony charge constituted sufficient grounds for revocation of probation in four other cases.
In case number 71-587-A in the trial court the court sentenced the appellant to jail time already served. In case number 71-8873-A the court sentenced appellant to five years in prison to run consecutively to the jury conviction and the sentence imposed thereon.
In case number 71-9213 the court imposed another five-year jail term, also to run consecutively and in case number 71-9322, two years imprisonment to run consecutively. The total sentence was seventeen years imprisonment.
In his brief, appellant presents three points on appeal. First, the appellant attacks the revocation of probation in case number 71-587-A and 71-8873-A on the ground that they are illegal sentences. We find it unnecessary to disturb the sentence in 71-587-A because from the record it appears that the appellant had already fully served his six months incarceration when the sentence was mitigated. Moreover, the court only imposed a sentence of time already served in that case, and we consider the case to be now moot.
However, with respect to case number 71-8873-A, we agree with the appellant's contention. The record reflects that on December 6, 1971 the appellant was sentenced to a year in the Dade County Jail, the maximum sentence to county jail. Thereafter, on July 25, 1972, the court mitigated this sentence and in connection with case number 71-9213 and 71-9322, placed the appellant on two years probation.
In accordance with our holdings in e.g., Williams v. State, Fla.App. 1973, 280 So.2d 518; Hutchins v. State, Fla.App. 1973, 286 So.2d 244; Cleveland v. State, Fla.App. 1973, 287 So.2d 347; Bryant v. State, Fla. App. 1974, 290 So.2d 122, we hold that the sentence in case number 71-8873-A was illegal, and hence the sentence imposed by the trial court after revoking probation in that case must be eliminated.
The appellant also argues that the revocation of probation in the other two cases must fail because he was not given a revocation hearing providing him due process of law. We reject this contention because in our view, the appellant's jury trial satisfied the requirements of procedural due process prior to the revocation of probation. See, Bernhardt v. State, Fla. 1974, 288 So.2d 490; Singletary v. State, Fla. *369 App. 4th, 1974, 290 So.2d 116; Smith v. State, Fla.App. 3rd, 1974, 292 So.2d 69.
We have considered appellant's two other points and find them to be without substantial merit. Therefore, for the reasons stated, the judgment appealed is affirmed and the sentences are modified to eliminate therefrom the sentence imposed in case number 71-8873-A.
It is so ordered.