PER CURIAM.
William Charles Youngs, defendant in the trial court, has filed two appeals in this court. The first is from an order denying Youngs’ petition for relief pursuant to Rule 3.850, RCrP. The second is from a final judgment and sentence adjudicating Youngs guilty of a probation violation. We will treat them together in this opinion for prompt disposition.
In October of 1969, Youngs was charged by information with robbery. In January of 1970, he pleaded guilty, adjudication of guilt and entry of sentence were withheld, and the court placed Youngs on probation for a period of ten years. In October of 1973, an information was filed charging *329 Youngs with robbery, assault and battery and conspiracy to commit a felony, to-wit: sale of cocaine. The trial judge agreed on the record to schedule Youngs’ probation revocation hearing at the same time as the trial on the substantive charges. Approximately one month before the trial date, however, the probation revocation hearing appeared on the court’s calender. In spite of defense counsel’s statement that he was not prepared at that time, the trial judge proceeded with the hearing. Upon finding that Youngs violated his probation, the court revoked probation, adjudged him guilty and imposed a sentence of seven years in the state penitentiary. At the time of the trial on the substantive charges, Youngs withdrew his prior plea and pleaded guilty as to robbery, nolo contendere as to conspiracy to commit a felony and the state abandoned the assault and battery charge. Youngs was sentenced to a concurrent seven year sentence.
In 1975, Youngs filed a petition for habeas corpus, pursuant to Rule 3.850, RCrP, alleging incompetence of counsel and other irregularities in the 1973 proceedings. A hearing was held before a different circuit judge and relief was granted as to the probation revocation. It was found that the defendant was not sufficiently apprised of the time of the probation revocation hearing; that defendant was not given adequate time to prepare his defense and that defendant was denied his constitutional right to due process. The judgment and sentence on the probation revocation was vacated and set aside. Relief was refused, however, as to the 1973 substantive offenses culminating in charges and convictions. The assistant public defender who represented Youngs testified that he fully advised his client of the nature and consequences of a guilty plea to the 1973 charges. After hearing the testimony of the witnesses and engaging in dialogue with Youngs, the trial judge determined that the plea was freely, voluntarily and knowingly made. The court entered an order denying the motion to vacate and set aside the judgment and sentence on the 1973 substantive charges, leaving such judgment and sentence in full force and effect. This is the basis of Youngs’ first appeal.
Subsequently, another probation revocation hearing was held before the same judge who had previously vacated the judgment and sentence. Youngs was adjudicated guilty of violation of probation and the original sentence was reimposed with credit for all time served. This is the basis of the second appeal.
In our opinion, the trial court did not commit error in entering either the judgment on the probation revocation or the order refusing to vacate the 1973 conviction and sentence.
The point raised by Youngs as to the finding of guilt of violation of probation is that there was no testimony by the clerk, the former prosecutor, the former probation officer or any other individual present at the time, that Youngs was ever properly placed on probation. The strict procedural and substantive rights of a defendant need not be formally adhered to in a probation revocation hearing. Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607. However, the proceedings must meet the minimal criterion of due process. Mato v. State, Fla.App.1973, 278 So.2d 672. In this case, the trial court awarded the defendant a full hearing on the merits. He was represented by a competent attorney, given full opportunity to confront and cross-examine the witnesses testifying against him, and made full use of that opportunity. At the conclusion of the hearing, the court was satisfied that Youngs was the individual who was placed on probation in 1970 and that he violated his probation. No error has been shown in this respect.
The thrust of Youngs’ other appeal sub judice is that the court erred in finding that he knowingly and intelligently entered a plea of guilty, and in failing to set aside the judgment and sentence entered on the *330 substantive charges in 1973. In our opinion, Youngs was not prejudiced in regard to this point because, had the original probation revocation hearing been properly noticed, he would have been guilty of the probation violation in any event as shown in the subsequent hearing. Therefore, if, as Youngs contends, he was induced to plead guilty in order to receive a concurrent sentence with his sentence on the probation violation conviction which was set aside, no prejudice was suffered since he was subsequently re-convicted on the same violation. All other points raised are without merit and will not be discussed.
Accordingly, both the final order denying relief pursuant to Rule 3.850, RCrP, and the final judgment of conviction and sentence on the probation violation are affirmed.
Affirmed.