LEE, J. CAIL, Associate Judge.
Appellant, Defendant below, was placed on probation for three years in July of 1973, after pleading guilty to buying, receiving and concealing stolen property. While he was on probation an affidavit of violation of probation was filed against him alleging that he had violated Condition H of his Order of Probation by committing an offense against the laws of Florida, to-wit: possession of a stolen motor vehicle. Additionally, appellant was arrested and separately prosecuted on this charge. He was eventually convicted of the substantive charge, but prior to such conviction his probation was revoked on the basis of the affidavit and warrant charging violation of probation, and hearing thereon. It is from this Order of Revocation of Probation that the Defendant below appeals.
The State concedes that there was not sufficient evidence adduced at the time of revocation to constitute proof of the violation charged, but contends that this failure of proof was cured by the defendant’s subsequent conviction in the substantive case. In support of this conten *505 tion the state mistakenly relies on Fuller v. State, 294 So.2d 367 (Fla.App.3d 1974). In the Fuller case, the trial on the substantive offense was held prior to the violation of probation hearing, and resulting revocation. It is a well settled principle of law that fundamental due process requires that a revocation of probation be based only on the violation alleged and after hearing. Hooks v. State, 207 So.2d 459 (Fla.App.2d 1968); Crum v. State, 286 So.2d 268 (Fla. App.4th 1973).
Accordingly, the Order revoking Defendant’s probation herein is reversed. Nothing contained herein, however, is intended to bar the State from pursuing revocation of probation charges against the Defendant on the basis of his conviction of the substantive charges aforementioned, should it choose to do so.
REVERSED AND REMANDED for further proceedings not inconsistent herewith.
OWEN and MAGER, JJ., concur.