339 So.2d 251 (1976)
Donald Dee FREDERICK, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1640.
District Court of Appeal of Florida, Fourth District.
November 5, 1976.
Rehearing Denied December 14, 1976.
Richard L. Jorandby, Public Defender, and Mitchell J. Beers, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
Appellant had been placed on probation for the offense of breaking and entering with intent to commit a felony. His probation was subsequently revoked. The order of revocation of probation is now before the court for review.
Appellant was charged and found by the trial court to have violated the conditions of his probation in the following respect:
"Violation of Condition (h) which states, `Live and remain at liberty without violating any laws', in that on 7-9-75, the aforesaid did admit to Mr. Charles L. Steen of the Florida Parole and Probation Commission, that he was arrested on 7-8-75 by the Orange County Sheriff's Office for Breaking and Entering With Intent to Commit a Misdemeanor, he did, in fact, unlawfully gain entry to Pennington Grain and Seed Company and did, in fact, attempt to siphon gasoline from some of the company trucks."
A careful reading of this allegation discloses that appellant was found to have violated his probation by making certain admissions to his probation officer, to wit: (1) that he had been arrested, (2) that he unlawfully gained entry to Pennington Grain and Seed Company, and (3) that he attempted to siphon gasoline from some of the company trucks. It should be noted that there is no allegation that appellant in fact committed any crime. Appellant's alleged admissions to his probation officer may have been evidence of a crime but the *252 admissions themselves do not constitute a crime.
As stated by this Court in Crum v. State, 286 So.2d 268 (Fla.4th DCA 1973) we do not know why appellant was not charged with the violations which apparently could have been so easily proven. However, fundamental due process requires that revocation of probation be based only on the violation alleged and after hearing. Crum v. State, supra, at 269. The alleged violation of probation for which appellant was found guilty is insufficient as a matter of law to justify a revocation of probation.
REVERSED.
CROSS, J., concurs.
MAGER, C.J., dissents, with opinion.
MAGER, Chief Judge (dissenting):
A review of the record of the proceedings below reflects a showing by the greater weight of the evidence of a substantial violation of the terms and conditions of probation giving rise to revocation and the correctness of the trial judge's action in this regard. Singletary v. State, 290 So.2d 116 (Fla.4th DCA 1974).
The appellant was charged with violating the condition of his probation that he "live and remain at liberty without violating any laws". The evidence in the record reflects that the defendant, while in the company of two others, unlawfully gained entry to the premises in question in an attempt to siphon gasoline from some of the trucks located thereon and was subsequently arrested for and charged with breaking and entering with intent to commit a misdemeanor.
The fact that the amended affidavit of violation of probation reflected an "admission" by the appellant to his probation officer of the acts in question and that the subsequent probation hearing did not reflect evidence to support this "admission" was not dispositive of the issue of whether the terms of probation had been violated. As heretofore indicated, the condition of probation was that the defendant "[l]ive and remain at liberty without violating any laws". The evidence in the record of defendant's prior relationship with the company whose premises was entered and the appellant's prior relationship with the other participants in the unlawful entry was sufficient "to satisfy the conscience of the court" that the terms of defendant's probation, i.e. "[l]ive and remain at liberty without violating any laws" were violated. Bowen v. State, 229 So.2d 272 (Fla.3d DCA 1969).
A review of the proceedings below as well as the record on appeal clearly indicates that the essence of the appellant's position was the insufficiency of the evidence to support a finding of breaking and entering and the subsequent revocation of probation. The appellant did not, as the majority opinion seemingly has done, take issue with the sufficiency of the allegations of the amended affidavit; nor did appellant suggest a variance between what the amended affidavit alleged and what the evidence ultimately demonstrated. Cf. 17 Fla.Jur., Indictments and Informations, § 94. Defendant was charged with and put on notice of a violation of a condition of his probation; the fact that the state did not prove appellant's "admissions" but, rather, presented other evidence the greater weight of which supported the occurrence of a substantial violation was more than enough to support and justify the trial court's order of revocation.
Accordingly, I would affirm.