GRIMES, Judge.
Appellant attacks the propriety of his probation revocation.
The affidavit filed by his supervisor charged that appellant had violated conditions of his probation in a material respect by the violation of conditions
“(4) requiring aforesaid to live and remain at liberty without violation [sic] any law in that on 3/25/76 he is accused of having robbed Thomas Satterlee of $108 as evidenced by arrest on 3/29/76:
“(7) Requiring aforesaid to comply with all instructions as given by probation supervisor in that on 3/25/76 and diverse times while under supervision, the subject has frequented the Brass Rail Bar as a customer, contrary to instructions given by probation supervisor on more than one occasion, specifically reinstruct-ed regarding this restriction on 9/25/76 as evidenced by admissions to probation supervisor.”
The court concluded that appellant had violated both conditions and revoked appellant’s probation. The appellant’s main point on appeal is that the affidavit asserting the violation of condition (4) charged him with nothing more than having been accused and arrested which cannot sustain the revocation of probation.[1]
Appellant relies primarily upon Frederick v. State, 339 So.2d 251 (Fla.4th DCA 1976), *940 in which the affidavit of probation violation contained the following charge:
“ ‘Violation of Condition (h) which states, “Live and remain at liberty without violating any laws”, in that on 7-9-75, the aforesaid did admit to Mr. Charles L. Steen of the Florida Parole and Probation Commission, that he was arrested on 7-8-75 by the Orange County Sheriff’s Office for Breaking and Entering With Intent to Commit a Misdemeanor, he did, in fact, unlawfully gain entry to Pennington Grain and Seed Company and did, in fact, attempt to siphon gasoline from some of the company trucks.’ ”
Even though there was evidence to show that the defendant unlawfully gained entry to the seed company and attempted to siphon gasoline from the trucks, the court, in a split decision, reversed the order of revocation because there was no allegation that the defendant had committed any crime. See also Crum v. State, 286 So.2d 268 (Fla.4th DCA 1973). To the extent that Frederick may be deemed applicable, we find ourselves in agreement with Judge Mager’s dissenting opinion.
Had the evidence only shown that appellant had been arrested, his position would be well taken because the mere fact of an arrest by itself cannot support a probation revocation. Brown v. State, 338 So.2d 573 (Fla.2d DCA 1976). Here, however, there was ample evidence that appellant became acquainted with Satterlee at the Brass Rail Bar and robbed him in the parking lot outside later that evening. There is no requirement of proof of a formal conviction to revoke probation for failing to remain at liberty without violating any laws. State v. Cochran, 140 So.2d 597 (Fla.1962). At no time during the proceedings did appellant attack the sufficiency of the charging document. Even though it could be said that the affidavit did not specifically charge appellant with the commission of a crime, it did sufficiently notify him that the state would be endeavoring to prove that he robbed Thomas Satterlee. It must be remembered that revocation proceedings need not be conducted with the formality of a criminal trial. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Youngs v. State, 329 So.2d 328 (Fla.3d DCA 1976).
Accordingly, the order of revocation is affirmed.
HOBSON, A. C. J., and McNULTY, J., concur.

. There was sufficient evidence to support the conclusion that condition (7) had been violated, but in view of our disposition of the case we need not decide whether the revocation could *940 be affirmed on this ground alone if the finding of the violation of condition (4) were set aside. Cf. Tuff v. State, 338 So.2d 1335 (Fla.2d DCA 1976).