ALDERMAN, Chief Judge.
In this revocation of probation case the defendant contends that he was denied due process of law. We reverse.
The State alleged that the defendant violated his probation by failing to live and remain at liberty without violating any law in that he committed grand larceny by participating in the theft of 35 rolls of barbed wire. The defendant denied this charge and a trial was held. At the conclusion of the hearing the trial judge stated:
It is my factual conclusion that the defendant Cucco is not guilty of grand larceny; but is guilty of participating in the sale of stolen merchandise.
Based upon this finding the court revoked the defendant’s probation.
This court has consistently held that fundamental due process requires that revocation of probation be based only on violations alleged, and after a hearing. Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973); Warr v. State, 330 So.2d 504 (Fla. 4th DCA 1976); Frederick v. State, 339 So.2d 251 (Fla. 4th DCA 1976). The sale of stolen property is not an included offense of the crime of larceny. Johnson v. State, 226 So.2d 884 (Fla. 2d DCA 1969). The fact that the State alleged that the defendant violated the terms of his probation by committing grand larceny did not put the defendant on notice that his probation might be revoked because he had participated in the sale of stolen merchandise. Each are substantial offenses separate and distinct from each other.
We conclude that the defendant was denied fundamental due process. Accordingly, the order revoking probation is reversed; however, the State, within a reasonable time to be set by the trial court, may file an amended petition for revocation, should it choose to do so.
DAUKSCH, J., concurs.
CROSS, J., dissents without opinion.