358 So.2d 183 (1978)
David Joseph HINES, Petitioner,
v.
STATE of Florida, Respondent.
No. 51907.
Supreme Court of Florida.
April 20, 1978.
*184 Jack O. Johnson, Public Defender, and Douglas A. Wallace, Asst. Public Defender, Bradenton, Florida, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for respondent.
HATCHETT, Justice.
The issue we must resolve is whether an affidavit charging a violation of probation is sufficient upon which to base a permanent revocation of probation if it merely alleges that the probationer has been arrested for a felony. This case is before us for review upon a conflict between the decision below, reported at 346 So.2d 1235 (Fla. 2nd DCA 1977),[1] and the decisions to the contrary on the same issue in Frederick v. State, 339 So.2d 251 (Fla. 4th DCA 1976); Singletary v. State, 290 So.2d 116 (Fla. 4th DCA 1974); and Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973). We determine that such an allegation is a sufficient basis for the revocation of probation if the probationer is given adequate written notice of the felony upon which the revocation is to be based, consistent with the requirements of minimal due process.
In the present case, petitioner was charged with violating his probation in that he "was arrested by Sarasota Deputy B. Blosser for burglary," on 3/13/76. The probationer had been arrested near the scene of the crime shortly after it had occurred. Subsequent to his arrest, the probationer confessed to his involvement in the burglary. The trial court revoked his probation based on the confession and on the burglary tools seized from the petitioner's automobile.
Petitioner concedes that the evidence introduced at the probation revocation hearing was sufficient to justify the revocation of his probation. He contends, however, that an affidavit merely alleging that a probationer has been arrested for a certain felony is a sufficient basis only for the temporary revocation of probation; a permanent revocation must be based upon allegations that the probationer actually committed the crime charged, and providing sufficient factual allegations as to the essential elements of that crime. Petitioner further argues that in spite of the adequate proof introduced at the revocation hearing, it has long been held that a valid guilty verdict will not cure a failure by the state to allege a criminal offense, nor cure the omission of any essential allegations in the charging document.
The state contends that an allegation in the affidavit for violation of probation is sufficient if it states that the probationer has been arrested for a felony. Section 949.10, Florida Statutes (1975),[2] makes the felony arrest of a felony probationer prima *185 facie evidence of the violation of his probation. If such an allegation is sufficient to justify incarceration, it would clearly appear adequate as a charging document upon which to base a revocation hearing. The state contends that the affidavit in the present case was clearly sufficient to temporarily revoke the probation and the probation officer should not be required to file an additional affidavit merely to bring the probationer to the revocation hearing. The state further contends that the probationer in this case never sought any further information concerning the facts of the crime with which he was charged, nor did he raise in the trial court any question concerning the adequacy of his notice of the crime with which he had been charged.
Probation revocation procedures must comply with minimal requirements of due process. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).[3] Although a probationer may be temporarily incarcerated for a ten day period based upon a felony arrest,[4] it is generally agreed to be improper to permanently revoke probation based solely upon proof that a probationer has been arrested. Fundamental fairness requires that a defendant be placed on notice as to what he must do or refrain from doing while on probation. A trial court has the authority to impose any valid condition of probation which would serve a useful rehabilitative purpose. The Florida Statutes do not authorize, nor would our constitution permit, a permanent revocation of probation based solely upon proof of an arrest during the probationary period. If a person has willfully failed to comply with his conditions of probation, then his probation can be permanently revoked after he has been given adequate notice of the charges and an opportunity to present a defense to them.[5] Therefore, we hold that an affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence. However, an allegation concerning the commission of a crime need not be set forth with the specificity required in criminal indictments and informations. The primary goal is notice comporting with minimal due process rights. If a probationer needs additional information in order to properly prepare a defense to the charges, the various methods of discovery under our rules are available to him.[6]
In the present case, the written factual allegations in the affidavit for violation of probation were insufficient to provide notice to the probationer with what criminal acts he was charged. In this case, however, we find this to be harmless error since the record shows that the probationer clearly had actual notice of the charges, that he was arrested near the scene of the crime shortly after its occurrence, and that he made a confession to his involvement. There was no violation of the probationer's due process rights. Petitioner's probation was revoked upon adequate proof of burglary for which he was arrested by Deputy *186 Blosser on 3/13/76. The circumstances here are not comparable to those cases in which a person's probation has been revoked based upon proof of charges other than those with which he was notified in the affidavit of violation.[7]
Accordingly, the district court's decision below is approved.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and ENGLAND, JJ., concur.
NOTES
[1] The district court's opinion in this case does not discuss the issue with which we are concerned. We tentatively accepted jurisdiction pursuant to Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965). The record shows that the defense filed a motion to dismiss the affidavit for violation of probation on the ground it was legally insufficient. The issue was raised on appeal, and the district court apparently resolved this issue on the basis of its previous decision in McLain v. State, 343 So.2d 939 (Fla. 2d DCA 1977), cert. den. 354 So.2d 982 (Fla. 1977).
[2] Section 949.10, Fla. Stat. (1975), provides:

Subsequent felony arrest of felony parolee or probationer prima facie evidence of violation.  The subsequent arrest on a felony charge, in this state, of any person who has been placed on parole or probation following a finding of guilt of any felony, or a plea of guilty or nolo contendere to any felony, shall be prima facie evidence of the violation of the terms and conditions of such parole or probation. Upon such arrest, the parole agreement or probation order shall immediately be temporarily revoked and such person shall remain in custody until a hearing by the parole and probation commission or the court.
[3] The Court in Gagnon, supra, cited the essential elements of due process necessary in a final revocation hearing: (1) written notice of claimed violation; (2) disclosure of evidence against the probationer; (3) an opportunity to be heard and present witnesses and evidence; (4) the right to confront witnesses in most instances; (5) a neutral and detached hearing body; (6) a written statement by the fact finder as to the evidence relied on and the reasons for revocation.
[4] The constitutionality of this statutory procedure was upheld in Bernhardt v. State, 288 So.2d 490 (Fla. 1974), see also Singletary v. State, 290 So.2d 116 (Fla. 4th DCA 1974).
[5] The U.S. Supreme Court in Gagnon v. Scarpelli, supra, held that a final probation revocation proceeding must address two separate issues: (1) whether the probationer in fact committed the violation charged; and (2) whether the commission of the act warranted revocation.
[6] For example, in Sukert v. State, 325 So.2d 439 (Fla. 3d DCA 1976), the probationer was denied due process when the state did not disclose to him certain "privileged" documents which were later used against him at the revocation hearing.
[7] See, State v. Spratling, 336 So.2d 361 (Fla. 1976).