383 So.2d 691 (1980)
William NORRIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 78-2338, 79-584.
District Court of Appeal of Florida, Fourth District.
April 23, 1980.
*692 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff and Gary S. Israel, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
In these consolidated appeals, the appellant claims error by the trial court in denying motions to dismiss an information and an affidavit of violation of probation and in revoking his probation for an alleged violation of a term of his probation requiring him to live honorably.
Appellant was charged with maliciously punishing a child in violation of Section 827.03(3), Florida Statutes (1977). He contends that there was insufficient evidence of malice to sustain the charge. We have reviewed the record and the facts stipulated to by the parties and find no error by the trial court in denying the motion to dismiss.
After the denial of the motion to dismiss the appellant entered a plea of nolo contendere and was placed on probation for a term of ten years. By the terms of his probation appellant was enjoined from violating any law and by a special condition was ordered to live honorably. Subsequently he was charged with violating the special condition requiring him to live honorably, by committing a battery upon his wife on two separate occasions. At the probation revocation hearing appellant moved to dismiss the two charges on the basis that the condition of probation requiring him to live honorably was too vague and uncertain to put him on reasonable notice of prohibited conduct. This was the first time the probationer had raised any objection to the condition. The trial court denied the motion; and after substantial proof of the alleged batteries was submitted, appellant's probation was revoked.
In Hines v. State, 358 So.2d 183 (Fla. 1978) revocation was upheld even though the charging affidavit merely alleged that the probationer had been arrested for a felony. At Hines' revocation hearing it was actually proven that he had committed a burglary. The Supreme Court held that although probation could not be revoked merely upon a showing of an arrest, the probationer had been given sufficient notice of the actual misconduct charged, in that case a burglary, *693 to comply with the minimum due process requirements for probation revocation proceedings. The fact that the charging affidavit alleged an arrest, rather than the actual misconduct involved, was found to constitute harmless error:
In the present case, the written factual allegations in the affidavit for violation of probation were insufficient to provide notice to the probationer with what criminal acts he was charged. In this case, however, we find this to be harmless error since the record shows that the probationer clearly had actual notice of the charges, that he was arrested near the scene of the crime shortly after its occurrence, and that he made a confession to his involvement. There was no violation of the probationer's due process rights. Petitioner's probation was revoked upon adequate proof of burglary for which he was arrested by Deputy Blosser on 3/13/76. The circumstances here are not comparable to those cases in which a person's probation has been revoked based upon proof of charges other than those with which he was notified in the affidavit of violation. (footnote omitted)
Id. at 185-186
Similarly, here, the appellant was expressly charged with violating his probation by committing two successive batteries upon his wife. The details of the batteries were set out in the charging affidavit. One of the conditions of appellant's probation specifically prohibited him from violating the law. Both the affidavits and proof showed that he had violated the law on two occasions and hence was in violation of his probation. No contention is made, nor is there any indication in the record, that appellant was prejudiced because, rather than the charging affidavit alleging that the misconduct in question constituted a violation of the condition of probation requiring the appellant to live within the law, the affidavit instead alleged that such conduct violated the condition requiring him to live honorably. We find that the appellant had specific notice of the actual misconduct charged. Accordingly, we find any error in denying the motion to dismiss to be harmless.
Although, under the circumstances of this case, we find no harmful error by the trial court in denying the appellant's motion to dismiss and subsequently revoking the appellant's probation, we agree that a condition of probation requiring a probationer to live honorably is too vague and uncertain to apprise him of the type of conduct which would give rise to a violation of his probation. Hence, if properly challenged, such a condition should be stricken.
In De Stefano v. State, 377 So.2d 751 (Fla. 4th DCA 1979), this writer expressed the view that a condition of probation requiring a probationer to live honorably was impermissibly vague and overbroad:
A probationer should be put on reasonable notice of any conduct prohibited during his term of probation. Almond v. State, 350 So.2d 810 (Fla. 4th DCA 1977); Morgan v. Foster, 208 Ga. 630, 68 S.E.2d 583 (1952). While I am in full agreement that everyone, generally, and probationers, in particular, should conduct themselves honorably, I believe that such a requirement is too broad and ambiguous to establish a clear guideline for the appellant's conduct during probation. In its other provisions prohibiting violations of the law, restricting residency, etc., the order of probation more than adequately sets objective standards of conduct for the probationer. In contrast, the special provision is nothing more than a vague catch-all which is subject to varying interpretations depending on the subjective moral code of the individual.
Id. at 752
For these reasons we now expressly disapprove such a condition of probation.[1]
We do not believe the case of Sellers v. Bridges, 153 Fla. 586, 15 So.2d 693 (1943), cited by the state, conflicts with the decision *694 we reach today. In that case there was no direct challenge made to the condition involved herein. Rather, by way of example, the opinion set out a lengthy list of the varying terms of parole generally agreed to by parolees. The issue actually resolved in Sellers had nothing to do with the validity of those conditions, but rather concerned the validity of the underlying information by which the defendant had originally been charged.
In accordance with the above, the judgment and sentence of the trial court are hereby affirmed.
DOWNEY, C.J., and MOORE, J., concur.
NOTES
[1] Fundamental fairness requires that a defendant be placed on notice as to what he must do or refrain from doing while on probation. Hines v. State, supra.