409 So.2d 1078 (1981)
William Scott EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2224.
District Court of Appeal of Florida, Fourth District.
December 30, 1981.
Rehearing Denied March 4, 1982.
*1079 Robert D. Hurth, Pompano Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, William Scott Evans, appeals from an order revoking probation. The affidavit of violation of probation charged two counts, i.e., burglary of the Beach Club Hotel in Fort Lauderdale and burglary of a souvenir shop located within the hotel. The trial court found appellant guilty of grand larceny as a `lesser included offense' of the first burglary count and guilty of aiding and abetting as to the second count. Based on these findings, the court revoked appellant's probation for possession of cocaine and sentenced him to three years imprisonment. For the reasons set forth below we affirm.
On this appeal, Evans claims, correctly, that neither grand larceny nor aiding and abetting are lesser included offenses to burglary. Thus, he contends his probation was improperly revoked on the basis of violations not alleged in the probation affidavit. To support his position, Evans cites Cucco v. State, 356 So.2d 58 (Fla. 4th DCA 1978). In Cucco the defendant was charged with having violated his probation by committing grand larceny. The trial court revoked his probation upon a finding that he had engaged in the sale of stolen property. We reversed, holding that the sale of stolen property was not a lesser included offense to larceny. We noted that "fundamental due process requires that revocation of probation be based only on violations alleged... ." 356 So.2d 58, 59.
After Cucco, however, the Supreme Court rendered its decision in Hines v. State, 358 So.2d 183 (Fla. 1978). There the court held that an affidavit for violation of probation which merely charged a felony arrest was sufficient to support a revocation of probation because the probationer had adequate written notice of the felony upon which the revocation was based. The record in Hines indicated that the probationer had actual notice of the charges he faced, since he had been arrested near the scene of the crime and had made a confession. Thus, the court concluded that the failure of the probation revocation affidavit to specifically list the felony conviction charging Hines was harmless error.
We believe the same rationale applies in the case at bar. Appellant knew from the affidavit of probation violation that proof of a larceny would be adduced at the probation revocation hearing. The affidavit in question charged Evans, in both counts, with "unlawfully enter[ing] and remain[ing] in a structure ... with the intent to commit the offense of larceny therein." Consequently, Evans was not denied due process notice as to the facts and circumstances the trial judge would consider to determine whether probation should be revoked. See also Norris v. State, 383 So.2d 691 (Fla. 4th DCA) petition for review denied, 388 So.2d 1116 (Fla. 1980).
AFFIRMED.
ANSTEAD, BERANEK and HURLEY, JJ., concur.