458 So.2d 1172 (1984)
Thomas J. FREIHEIT, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1629.
District Court of Appeal of Florida, Fourth District.
November 7, 1984.
D. Robert Silber of Kay & Silber, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant seeks reversal of an order revoking his probation. His sole point on appeal is that he was denied due process in that he was charged by affidavit with violating his probation by failure to live at liberty without violating any law, in that he "did unlawfully enter or remain in a structure, to-wit: A dwelling or the curtilage thereof, located at 2509 N.W. 53rd Street, Tamarac, Florida, property of Anthony Russo, with intent to commit the offense of Burglary therein contrary to Florida Statute 819.02(3)." However, in the trial of the substantive crime he was found guilty of the lessor included offense of attempted burglary. At his probation violation hearing the state offered in evidence a certified copy of the judgment of conviction of attempted burglary and rested. Appellant moved to dismiss the charges because of the discrepancy between the charge and the crime of which he was convicted. When that was denied, appellant proffered for consideration by the court the tenuous evidence of his identification in the trial of the substantive crime.
In support of his appellate point appellant cites a number of cases in which this and other courts have held that the state cannot charge a probationer with commission of one offense and revoke his probation *1173 upon proof of an entirely different offense. For example, see Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977); Hooks v. State, 207 So.2d 459 (Fla. 2d DCA 1968). See also Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973), where the probationer was charged only with having been arrested for a felony. Though the proof adduced would have supported a finding of burglary, this court held that due process requires that a revocation be based only on the violation alleged and there was no adequate allegation of the violation.
Crum, Frederick v. State, 339 So.2d 251 (Fla. 4th DCA 1976), and Singletary v. State, 290 So.2d 116 (Fla. 4th DCA 1974), have been substantially eroded by the supreme court in Hines v. State, 358 So.2d 183 (Fla. 1978). There the probationer was charged with having been arrested for a felony. Under the circumstances of that case the supreme court held due process was not denied and affirmed the district court of appeal, which in turn had affirmed the order revoking probation. The court pointed out that, although the probationer was charged only with being arrested for a felony, he knew what the felony charge was; he had in fact been arrested near the scene of the crime and confessed to the substantive crime. The court held that, while due process requires the charging affidavit to allege the basic facts concerning the alleged violation, such as the nature, time, and place of the occurrence, the same specificity required of a criminal information is not required. The primary goal is notice. "If a probationer needs additional information in order to properly prepare a defense to the charges, the various methods of discovery under our rules are available to him." 358 So.2d at 185, footnote omitted.
This court has relied upon the Hines holding in Evans v. State, 409 So.2d 1078 (Fla. 4th DCA 1981), and Norris v. State, 383 So.2d 691 (Fla. 4th DCA 1980). In Evans probation was revoked based upon the charge of burglary, whereas the court found the probationer guilty of grand larceny and aiding and abetting. Though the substantive crimes of which appellant was convicted were not even a lesser included offense of burglary, based upon Hines, this court found the probationer had notice of what he was being charged with and thus denied the due process attack.
In Norris the probationer was charged with violation of the condition requiring him to live honorably. He allegedly violated that condition by committing a battery on his wife on two occasions. The court held, relying on due process rationale of Hines, that the proof showed the probationer had violated another condition requiring the probationer to live within the law; he was not taken by surprise; he knew the facts going to make up the charge and due process was not lacking.
The events that occurred at the Tamarac residence led to two proceedings. First the state charged appellant by information with a burglary of the house of Anthony Russo. Second, an affidavit of probation violation was filed claiming appellant, by committing a burglary of Russo's property, had violated the condition requiring him to live without violation of any law. The two proceedings are governed by different rules since a probation revocation proceeding is a sentencing function, not a criminal trial. E.g. State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983). Appellant was convicted of attempted burglary on the burglary charge, and the judgment of conviction of attempted burglary was the evidence used to revoke his probation. The burglary and attempted burglary involved an incident at the same time and place. The conviction was of a lesser included offense of the substantive crime charged. Appellant never contended that he was prejudiced by the departure between pleading and proof. Following Hines, supra, we, therefore, hold that due process was afforded appellant.
AFFIRMED.
LETTS and WALDEN, JJ., concur.