ON MOTION FOR REHEARING

WARNER, J.
We grant the motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Appellant was convicted in Broward County of a violation of section 817.52(3), Florida Statutes (2001), for failure to return a car she rented in Atlanta, Georgia. She contended that the crime did not occur in Florida. Because she kept the vehicle in Florida, her refusal to return the vehicle occurred in this state. We therefore affirm.
*456 Appellant rented a car from Atlanta Rent-A-Car which has ten offices in Atlanta and one in Birmingham, Alabama. It has no offices in Florida. Appellant indicated to the rental agency that she was from New York, was staying at a motel, and needed a vehicle for a day or two. She executed a rental agreement for a one-day rental. According to the agreement, she was to return the vehicle to the same office the next day. If appellant failed to return the vehicle at that time, and converted the vehicle to her own use, the rental agreement indicated such actions may constitute theft under Georgia law. Appellant did not return the vehicle the next day but drove it to Broward County where her mother lived.
The rental agency manager did not become concerned about appellant’s failure to return the vehicle until it was overdue for four days. After a week, the company charged appellant’s credit card $200 for the week’s rental. The company continued to charge the card $200 periodically for the use of the vehicle.
Approximately two weeks after appellant failed to return the vehicle, the manager contacted an auto recovery service and provided it with appellant’s driver’s license which listed a New York address. The manager sent a certified demand letter for the return of the vehicle to that address. Receiving no response six or seven weeks later, the manager reported the vehicle stolen and had a warrant issued in Georgia.
Ultimately, the vehicle was located at appellant’s mother’s home in Broward County. The manager had the vehicle shipped back to Atlanta, and the State of Florida charged appellant with failure to return a hired vehicle. Appellant moved to dismiss the information, contending the crime was committed in Atlanta, Georgia, not in Broward County. The trial court denied the motion. The case went to trial, resulting in a conviction and sentence for appellant. From this judgment and sentence she appeals.
Appellant claims the court erred in refusing to give jury instructions on both venue and jurisdiction, claiming that the evidence established the offense occurred in Georgia because she failed to return the vehicle to the Atlanta agency. Section 817.52(3) provides:
Whoever, after hiring a motor vehicle under an agreement to redeliver the same to the person letting such motor vehicle or his or her agent, at the termination of the period for which it was let, shall, without the consent of such person or persons and with intent to defraud, abandon or willfully refuse to redeliver such vehicle as agreed shall, upon conviction, be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The elements of the crime, therefore, consist of:
(1) the execution of a lease agreement including a provision that the vehicle shall be redelivered to the person letting such property;
(2) the expiration of the lease period;
(3) the willful refusal to redeliver the vehicle with the intent to defraud;
(4) the lack of consent of the person who let the vehicle.
Under section 910.005, Florida has jurisdiction to prosecute cases in which:
(1) A person is subject to prosecution in this state for an offense that he commits, while either within or outside the state, by her or his own conduct or that of another for which he is legally accountable, if:
(a) The offense is committed wholly or partly within the state;
*457 [[Image here]]
(2) An offense is committed partly within this state if either the conduct that is an element of the offense or the result that is an element, occurs within the state.
As appellant’s refusal to redeliver the vehicle occurred in Broward County, Florida, this state had jurisdiction and Broward County was the appropriate venue in which to bring charges.
This case is analogous to Jenner v. State, 159 So.2d 250 (Fla. 1st DCA 1964). There, a defendant lawfully took possession of boats in Taylor County, Florida, which were then delivered to, and stored in, St. Louis, Missouri, with the owner’s consent, for sale. After disputes with the Florida boat company arose, defendant refused to return the boats to the owner in Florida. The state charged the defendant with theft. See id. at 251. Defendant contested whether a charge could be brought in Taylor County. The court determined that because defendant had been in lawful possession of the boats when they left Florida, the intent to deprive the owner of its property could not have occurred in Florida but instead occurred, if at all, in Missouri. The court reversed appellant’s conviction and remanded for discharge. See id. at 252-58.
Similarly, appellant had lawful custody of the vehicle when she left Atlanta. Therefore, the intent to defraud and refusal to redeliver occurred in Broward County where she took the vehicle. Although a defendant is entitled to a requested jury instruction on his theory of defense provided the evidence in the record supports that theory, see Vazquez v. State, 518 So.2d 1848, 1350 (Fla. 4th DCA 1987), all of the evidence produced refuted appellant’s claim of lack of jurisdiction and improper venue, as at least one element of the crime occurred in Florida.
We affirm the remaining issues without further discussion.
STONE J., concur.
FARMER, C.J., concurs specially with opinion.