PER CURIAM.,
Affirmed. See Hines v. State, 358 So.2d 183, 185 (Fla.1978) (“[A]n affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence. However, an allegation concerning the commission of a crime need not be set forth with the specificity required in criminal indictments and information. The primary goal is notice comporting with minimal due process rights.”); Levine v. State, 849 So.2d 455, 457-58 (Fla. 4th DCA 2003) (Farmer, C.J., concurring) (“Defendant’s act was of the continuing kind. Her offense is willfully failing to return a rental vehicle after the term of the lease had expired. Logically, once this offense was set into being, it necessarily continued (and thus was not complete) as long as the vehicle was not returned to the lessor when it should have been.”) (footnote omitted); Rios v. State, 660 So.2d 795, 796 (Fla. 5th DCA 1995) (“Although the elements of the failure to return a hired vehicle crime and the theft crime are not the same, it is clear that the specific crime regarding a hired vehicle is generally included in the general theft statute. That is to say, if one commits the failure to return the hired vehicle crime then he has *1099 also necessarily completed the theft element of a taking with the intent to deprive the owner of the use of the vehicle.”); Evans v. State, 409 So.2d 1078 (Fla. 1st DCA 1981) (affirming revocation of probation where the affidavit charged him with two counts of burglary, but he was actually found guilty by a jury of grand larceny and aiding and abetting).