ON ORDER TO SHOW CAUSE
PER CURIAM.
Anthony Holley filed a petition alleging ineffective assistance of appellate counsel *113 (IAAC). He previously filed a repetitive, successive, and untimely IAAC petition in Case No. 4D10-2325. In that case, this court cautioned Holley that another such proceeding would result in sanctions pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999).[1] Holley has again raised the same and/or similar claims. We denied the petition and issued an order to show cause why this court should not impose the Spencer sanction of no longer accepting his pro se filings. Holley has responded. We conclude that he has not shown any reason to prevent sanctions, other than his belief in the merit of his frivolous arguments, which we have already rejected.
In his petition, Holley alleges “manifest injustice” as a reason for us to consider his time-barred and successive claims. As background, he was placed on probation following a plea he entered in 2005. His probation officer filed an affidavit charging that he violated probation by committing new offenses. He alleges that the amended violation of probation (VOP) affidavit and the warrant that was used to violate his probation in 2008 failed to show probable cause “on its face” and that the court therefore lacked jurisdiction. He contends that, based upon his reading of sections 948.06(1) and 901.02, Florida Statutes (2008), a VOP warrant requires the issuance of two affidavits, one alleging probable cause for the new offenses charged and one alleging a violation of probation or community control. In addition, according to petitioner, the committing judge must take live testimony prior to issuing the warrant.
He notes in his pleading that no one has ever raised this issue in the reported cases. While this is true, this is because Holley completely misconstrues the statutes. His argument is lacking in any arguable merit and is frivolous. The argument is similar to postconviction claims seeking to vacate convictions on the ground that the charging document was not properly signed or verified. See Roker v. State, 25 So.3d 647, 647 (Fla. 4th DCA 2010); Logan v. State, 1 So.3d 1253, 1254 (Fla. 4th DCA 2009).[2] This court has referred prisoners raising such frivolous challenges for disciplinary proceedings. E.g., Smith v. State, 120 So.3d 155 (Fla. 4th DCA 2013); Collins v. State, 97 So.3d 305, 306 (Fla. 4th DCA 2012). There is no requirement for two affidavits in order to issue a warrant for an arrest for a VOP, nor is there any requirement that the issuing judge take live testimony. Holley’s continued attempts to exploit alleged technical deficiencies in how the VOP warrant issued are a clear abuse of process.
Technical defects in a VOP affidavit — such as an improper oath — would not deprive the trial court of jurisdiction or constitute fundamental error that could be raised for the first time on direct appeal. See Smartmays v. State, 901 So.2d 278, *114 280 (Fla. 5th DCA 2005); Chadwick v. State, 118 So.3d 827, 830 (Fla. 2d DCA 2012). Likewise, a technical defect in a VOP affidavit provides no basis for post-conviction relief.
Holley’s claim that the VOP affidavit required more specific allegations sufficient to establish probable cause for the new offenses is contrary to well-settled law. The affidavit specified the grounds for the violation — Holley’s commission of the new offenses — and sufficiently gave him notice of the basis for seeking revocation. Hines v. State, 358 So.2d 183, 185 (Fla.1978). The claim that a VOP affidavit must allege more specific facts, those forming the essential elements of a new offense that is the basis for the VOP, was rejected by the Florida Supreme Court more than three decades ago in Hines. Id. at 184.
[A]n affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence. However, an allegation concerning the commission of a crime need not be set forth with the specificity required in criminal indictments and informations. The primary goal is notice comporting with minimal due process rights.
Id. at 185. Even if the issue could be considered in these postconviction proceedings, there is no question that the affidavit in Holley’s case gave him sufficient notice. He was not prejudiced in his defense.
The posture in which Holley persists in attempting to raise these claims magnifies the abusiveness of his filing. He claims that his appellate counsel was ineffective in failing to argue that his trial counsel was ineffective in failing to raise these meritless issues. “[Ajppellate counsel is not ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal.” Fe'rrell v. State, 29 So.3d 959, 988 (Fla.2010). Further, counsel is not deficient in failing to raise a novel legal issue. Steinhorst v. Wain-might, 477 So.2d 537, 540 (Fla.1985). This is especially so where the novel issue is as devoid of arguable merit as are Holley’s claims in this proceeding.
Holley contends that, because we did not state that his prior successive, untimely, and repetitive petition was frivolous when we cautioned him about sanctions in Case No. 4D10-2325, a Spencer sanction is therefore inappropriate. It is not necessary for a court to explain in great detail why a prisoner’s frivolous legal arguments are wrong. This court, and every court, must devote its energies to deciding the meritorious issues before it. Holley was warned that he faced Spencer sanctions should he file another successive petition. He did, and we now impose that sanction.[3]
The Clerk of this Court is directed to no longer accept any paper filed by Anthony Holley unless the document has been reviewed and signed by a member in good standing of the Florida Bar. The Clerk is *115 directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2012).

Sanctions imposed. Petitioner referred to prison officials.

WARNER, MAY and CONNER, JJ., concur.

. According to this court’s Case Management System, this case is Holley's twenty-fifth proceeding in this court. His first IAAC proceeding in Case No. 4D09-4016 was denied on the merits in 2010.

. In one of Holley's many postconviction challenges, he claimed that his underlying convictions were unlawful because the complaint affidavit that was filed in 2003, when he was initially arrested, was not properly sworn. This court affirmed the denial of that motion with a citation to Logan. Holley v. State, 93 So.3d 1096, 1096 (Fla. 4th DCA 2012). It is well settled that claims such as these are frivolous. Prisoners who file post-conviction challenges seeking to escape the consequences of their crimes and to vacate their convictions based on an alleged technicality in arrest paperwork are clearly abusing the postconviction process. To preserve limited court resources and preserve access to courts for those with legitimate claims, abusive filings such as these should be sanctioned.

. Holley explains that he sent the Florida Supreme Court a letter claiming that this court had disregarded these errors in his two prior proceedings in this court. The Florida Supreme Court treated the letter as a petition for writ of habeas corpus and dismissed it as an authorized collateral attack on the convictions and sentences, citing Baker v. State, 878 So.2d 1236 (Fla.2004). The order explained:
“To the extent petitioner raises a claim of ineffective assistance of appellate counsel, the petition is hereby dismissed without prejudice to petitioner to seek relief in the appropriate court.” We do not perceive the Florida Supreme Court’s order as a directive requiring this court to accept petitioner's untimely and successive petition in this case.