DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY GUN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3509

[April 8, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa M. Porter, Judge; L.T. Case No. 12004247CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's order finding that he violated his community control by possessing synthetic marijuana. The defendant argues that "synthetic marijuana," as that term was used in the violation affidavit, is not included among the controlled substances proscribed in section 893.03, Florida Statutes (2013), and therefore testimony that the substance which the defendant possessed was "synthetic marijuana" could not establish that he violated his community control.

We affirm. This argument was not raised to the circuit court, and thus was not preserved. *See Filan v. State*, 768 So. 2d 1100, 1101 (Fla. 4th DCA 2000) ("An issue or objection is 'preserved' within the meaning of [section 924.051(1)(b), Florida Statutes,] if it was timely raised and ruled on by the trial judge and if the objection was '*sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.*'") (emphasis added; citation omitted). Due to this lack of preservation, we issue no opinion at this time on whether the defendant's argument on appeal has merit.

Further, given that the defendant admitted possessing the substance at issue and ultimately acknowledged that the substance was illegal, we conclude that if any technical defect or error existed in the lack of specificity for which the violation was charged, we do not consider that error to be fundamental. *See Holley v. State*, 128 So. 3d 111, 113 (Fla. 4th DCA 2013) ("Technical defects in a VOP affidavit . . . would not deprive the trial court of jurisdiction or constitute fundamental error that could be raised for the first time on direct appeal.") (citations omitted); *Chadwick v. State*, 118 So. 3d 827, 830 (Fla. 2d DCA 2012) ("An affidavit of VOP, like a criminal information, is 'fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.'") (citation omitted). As our supreme court stated in *Hines v. State*, 358 So. 2d 183 (Fla. 1978):

> [A]n affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence. However, an allegation concerning the commission of a crime need not be set forth with the specificity required in criminal indictments and informations. *The primary goal is notice comporting with minimal due process rights. If a probationer needs additional information in order to properly prepare a defense to the charges, the various methods of discovery under our rules are available to [the probationer].*

*Id.* at 185 (emphasis added; footnote omitted).

*Affirmed.*

LEVINE and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2