DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY GUN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3509

[July 29, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa M. Porter, Judge; L.T. Case No. 12004247CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

### *ON APPELLANT'S MOTION FOR REHEARING*

GERBER, J.

We deny the appellant's motion for rehearing. Because of the inclusion of a dissent to our denial of the motion for rehearing, we re-issue our April 8, 2015 opinion with the addition of the dissent to allow the appeal to be considered in full context.

The defendant appeals from the circuit court's order finding that he violated his community control by possessing synthetic marijuana. The defendant argues that "synthetic marijuana," as that term was used in the violation affidavit, is not included among the controlled substances proscribed in section 893.03, Florida Statutes (2013), and therefore testimony that the substance which the defendant possessed was "synthetic marijuana" could not establish that he violated his community control.

We affirm. This argument was not raised to the circuit court, and thus was not preserved. *See Filan v. State*, 768 So. 2d 1100, 1101 (Fla. 4th

DCA 2000) ("An issue or objection is 'preserved' within the meaning of [section 924.051(1)(b), Florida Statutes,] if it was timely raised and ruled on by the trial judge and if the objection was '*sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.*'") (emphasis added; citation omitted). Due to this lack of preservation, we issue no opinion at this time on whether the defendant's argument on appeal has merit.

Further, given that the defendant admitted possessing the substance at issue and ultimately acknowledged that the substance was illegal, we conclude that if any technical defect or error existed in the lack of specificity for which the violation was charged, we do not consider that error to be fundamental. *See Holley v. State*, 128 So. 3d 111, 113 (Fla. 4th DCA 2013) ("Technical defects in a VOP affidavit . . . would not deprive the trial court of jurisdiction or constitute fundamental error that could be raised for the first time on direct appeal.") (citations omitted); *Chadwick v. State*, 118 So. 3d 827, 830 (Fla. 2d DCA 2012) ("An affidavit of VOP, like a criminal information, is 'fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.'") (citation omitted). As our supreme court stated in *Hines v. State*, 358 So. 2d 183 (Fla. 1978):

> [A]n affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence. However, an allegation concerning the commission of a crime need not be set forth with the specificity required in criminal indictments and informations. *The primary goal is notice comporting with minimal due process rights. If a probationer needs additional information in order to properly prepare a defense to the charges, the various methods of discovery under our rules are available to [the probationer]*.

*Id.* at 185 (emphasis added; footnote omitted).

*Affirmed.*

LEVINE, J., concurs.
FORST, J., dissents with an opinion.

FORST, J., dissenting.

I write separately to respectfully dissent because no error could be more fundamental than to send a citizen to prison for committing an act that is not a crime. The defendant's violation affidavit stated that he violated his probation by "committing the criminal offense of I. Possession of *Synthetic Marijuana* on 5/28/2103." (Emphasis added.) There is no such criminal offense. Certainly possession of *some* chemical compounds that may be found in *some* synthetic cannabinoids is prohibited by law. However, there is no law in this state criminalizing the possession of any and all synthetic marijuana/synthetic cannabinoids irrespective of the compounds that it contains.

During the 2011 legislative session, the legislature amended the pertinent statute, section 893.03, "to add additional synthetic cannabinoid[s] . . . to Schedule I of Florida's controlled substance schedules." Fla. H.R. Comm. on Judiciary, H.B. 1175 (2012) Staff Analysis 4. Section 893.03(1)(c), Florida Statutes (2013) lists 169 chemical substances, including cannabis. The list also includes five specific "synthetic cannabinoids and synthetic cannabinoid-mimicking compounds" with specific chemical properties and designations: CP 47,497; HU-210; JWH-073; JWH-018; and JWH-200. *Id.* In the instant case, the police performed no tests on the substance found in the defendant's pocket either before or after charging him with possession of synthetic marijuana. Thus, the State could not establish that the substance at issue was one of these five *specific* synthetic cannabinoids set forth as a schedule I controlled substance, as distinguished from another, slightly different chemical compound not included in the list. "Synthetic marijuana" is not, per se, illegal. *See C.M. v. State*, 83 So. 3d 947, 948 n.2 (Fla. 3d DCA 2012) (noting that the State "acknowledge[d] that synthetic marijuana is not a 'controlled substance'" under the earlier version of Chapter 893, Florida Statutes.); *cf. Hutto v. State*, 40 Fla. L. Weekly D1210, *3 (Fla. 2d DCA 2015) (noting that a local ordinance "defines 'illicit synthetic drugs' as including synthetic marijuana").

"Where an offense is defined by statute, the offense must be charged in the very language of the statute, or in language of equivalent import and nothing can be taken by intendment." *Bowden v. State*, 642 So. 2d 769, 770 (Fla. 1st DCA 1994). "When a word is substituted for that used in the statute, the substituted word must necessarily be within the terms of the statute in order to charge an offense." *Id.* (citing *Gibbs v. Mayo*, 81 So. 2d 739, 740 (Fla. 1955)). Otherwise, we must conclude that the violation affidavit "totally omit[ted] an essential element of the crime," namely, the crime itself. *Chadwick v. State*, 118 So. 3d 827, 830 (Fla. 2d DCA 2012). "The complete failure of an accusatory instrument to charge a crime is a

3

defect that can be raised at any time—before trial, after trial, on appeal, or by habeas corpus." *State v. Gray*, 435 So. 2d 816, 818 (Fla. 1983).

Furthermore, even if the defendant or his counsel stated that "synthetic marijuana" was illegal, that admission does not make it so. The Legislature gets to decide what is and is not illegal in the State of Florida, not criminal defendants or the judicial system. *State v. Adkins*, 96 So. 3d 412, 417 (Fla. 2012) ("Enacting laws – and especially criminal laws – is quintessentially a legislative function.") (quoting *Fla. House of Representatives v. Crist*, 999 So. 2d 601, 615 (Fla. 2008)). Had the Legislature seen fit to criminalize all synthetic marijuana, it could have done so (and perhaps it should have done so[1]). In the instant case, the State relied upon the observation of one of the arresting officers, who had received training in recognizing synthetic marijuana by touch and smell. However, absent testing by a chemical laboratory, no officer could say with certitude that the substance found in the plastic bag in the defendant's pocket "contains any quantity of the [listed 169] hallucinogenic substances or . . . contains any of their salts, isomers, including optical, positional, or geometric isomers, and salts of isomers, if the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation." Section 893.03(1)(c), Florida Statutes (2013). The defendant's admission to the court that he possessed "synthetic marijuana" on the day he was arrested (though also stating that he thought such possession was not illegal) is not equivalent to a confession of guilt, unless the defendant also has knowledge of the specific chemical properties of the substance.

Criminal laws must be construed strictly, with any ambiguity resolved in favor of the defendant. § 775.021(1), Fla. Stat. We have previously stated that:

> [I]f the information wholly fails to charge a crime against the defendant it is fundamental error and a conviction founded upon an information which wholly fails to charge a crime under the laws of the state is void and must be set aside,

---

[1] *See* Timothy P. Stackhouse, *Regulators in Wackyland: Capturing the Last of the Designer Drugs*, 54 Ariz. L. Rev. 1105, 1110 (2012) ("Efforts to control synthetic cannabinoids and cathinone derivatives have failed. The traditional approach of individually listing drugs as they become a problem is too slow, and there are too many new compounds to replace them as soon as they are banned.").

> though the defendant may have entered a plea of guilty to such charge.

*Catanese v. State*, 251 So. 2d 572, 573 (Fla. 4th DCA 1971) (internal citations omitted). Here, the defendant's violation affidavit failed to allege any criminal act; thus, this was not a mere "technical defect" in a VOP affidavit, as characterized by the majority opinion. Therefore, the defendant's conviction should be set aside. Accordingly, I respectfully dissent.

\*　　\*　　\*

**No further motions for rehearing shall be considered.**
