# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0612
_____

QUINTON MARCUS REDDICK,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

May 20, 2026

ON MOTION FOR REHEARING

We previously rendered our opinion affirming Appellant's judgment and sentence. Appellant moved for rehearing, arguing among other things that the opinion's references to his being on "sex-offender probation" were inaccurate. We grant rehearing in part and substitute the following opinion for the original one. Any other relief requested in the motion is denied.

\*\*\*

Appellant challenges his judgment and sentence of fifteen years in prison for violating his probation. We affirm.

In 2018, an Alachua County jury found Reddick guilty of traveling to meet a child for unlawful sexual activity, a violation of section 847.0135(4)(a), Florida Statutes (2017). The judgment declared Reddick a sexual offender as defined in sections 943.0435, 944.606, and 944.607, Florida Statutes. The trial court sentenced Reddick to seven years of probation, subject to standard conditions including "you will live without violating any law." The judgment required Reddick to undergo "psycho-sexual evaluation, follow rec[ommendation] for treatment." The judgment also imposed special condition 29, that Reddick "can't access computer or internet for romantic/sexual pleasure." Reddick transferred his probation to Leon County.

In 2020, Reddick was arrested in Tallahassee for transmission of child pornography, and charged for that crime as well as seven counts of possession of child pornography and one count of possession with intent to promote child pornography. On appeal from an order suppressing evidence obtained in support of those charges, we reversed. *See State v. Reddick*, 415 So. 3d 1185 (Fla. 1st DCA 2025), *rev. denied*, 2025 WL 2399541 (Fla. Aug. 19, 2025).

Based on those new charges, the State also charged Reddick with violating two conditions of his probation. Reddick moved to suppress the evidence that generated the new charges, mirroring his arguments in the Tallahassee case. He also argued that he could not be found guilty of violating special condition 29 of his probation as alleged in his original VOP affidavit, prohibiting accessing the internet for romantic or sexual pleasure—which the trial judge hand-wrote into his earlier judgment. He relied on an apparent scrivener's error in the amended VOP affidavit, in which a successor probation officer indicated a violation of special condition 29 but used language from special condition 30, requiring a professional assessment and safety plan prior to accessing the internet.

The Alachua County court conducted an evidentiary hearing. To avoid re-victimizing the minors depicted in Reddick's child sex-abuse materials, the State proceeded with the VOP using only one of the videos, which Reddick, through counsel, conceded was child pornography. The court rejected Reddick's arguments, found him

guilty of violating his probation, and sentenced him to fifteen years in prison.

Reddick raises four issues on appeal, none of which has any merit. We reversed on the suppression issues in his earlier appeal, rendering moot his first two arguments. *See Reddick*, 415 So. 3d at 1192–95. His argument about the VOP affidavit fails also. In context, he cannot show a due process violation in what was apparently an unintentional mistake. The evidence supported a violation of special condition 29 and the record reflects both parties understood what was at issue. *See Hines v. State*, 358 So. 2d 183, 185 (Fla. 1978) (explaining a VOP affidavit need only allege the basic facts and "need not be set forth with the specificity required in criminal indictments and informations"). More importantly, the same VOP affidavit also relied on Reddick's *nine* violations of the standard condition of living without violating the law, as to which Reddick clearly received full due process. His final argument about costs of prosecution fails under current law. *See Parks v. State*, 411 So. 3d 414 (Fla. 2025).

AFFIRMED.

ROBERTS, RAY, and KELSEY, JJ., concur.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————

Jessica J. Yeary, Public Defender; Megan Lynne Long and David Alan Henson, Assistant Public Defenders, Tallahassee, for Appellant.

James Uthmeier, Attorney General; and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.